[Crim. No. 3677.   Second Dist., Div. Three.   June 11, 1943.]

THE PEOPLE, Respondent, v. HUBERT R. KERSTEN, Appellant.

Morris Lavine for Appellant.

Robert W. Kenny, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant pleaded guilty to a charge of burglary. The court determined the crime was burglary of the first degree, and sentenced the defendant to imprisonment in the penitentiary. Defendant states that his appeal from the judgment is to modify the judgment to conform with a finding by the court that the crime was burglary of the second degree.

On April 3, 1941, defendant pleaded guilty and admitted the four prior convictions of felonies alleged in the amended information. Pronouncement of judgment was continued from time to time, at defendant's request, in order that defendant might proceed further with the development of his alleged invention of an airplane propeller hub, which he claimed would be of great value to the government.

On January 15, 1942, when the case was on the calendar for judgment, after six continuances, it was stipulated (although defendant had admitted the prior convictions on April 3, 1941) that the court "might determine the allegations of the four prior convictions" from the probation officer's report. The court found those allegations to be true. Thereupon the court announced in chronological order the proceedings that had occurred in the case up to and including a part of the arraignment upon the amended information, and then stated: "It was stipulated that the court was to determine the degree of the offense from the report of the probation officer. The court now determines it to be burglary of the second degree." Then the court completed its review of the prior proceedings, and asked: "Is there any legal cause why judgment should not be pronounced?" Counsel for defendant, after replying in the negative, made a statement concerning the defendant's efforts to complete the invention, and asked for another continuance. The court did not finish the pronouncement of judgment, and granted a continuance to April 2, 1942. No minute entry was made concerning the degree of the crime. On April 2nd, the defendant was not present and an order was made that the undertaking of bail was forfeited.

On July 9, 1942, the defendant was brought into court, and preliminarily to pronouncement of judgment, the court stated: "Pursuant to the stipulation heretofore entered into the court fixes the degree of the offense as burglary in the first degree." In pronouncing judgment the court said: "It is the judgment and sentence of this court . . . that for the offense of burglary, which the court has fixed as burglary in the first degree . . . that you be sentenced. . . ." At that time, July 9th, it was not called to the court's attention that the court had stated on January 15th or at all that the crime was burglary of the second degree. A minute entry was made on July 9, 1942, that: "The court finds the crime to be burglary of the first degree. . . ." A judgment was thereupon entered which included a recital, as follows: "Whereas the said . . . pleaded guilty . . . of burglary . . . which the court found to be burglary of the first degree. . . ."

■ Defendant asserts that the statement by the trial court on January 15, 1942, that the degree of the crime was burglary of the second degree was "the same as the finding of a jury"; that it was the law of the case; that the fact so stated was res judicata; and that the court "erred in raising the degree

of the offense after it had fixed it as a lower degree.'' He cites the case of *People* v. *Cowan*, (1941) 44 Cal.App.2d 155, 162 [112 P.2d 62]. In that case the sentences pronounced as to two defendants were to run concurrently with previous sentences the defendants were then serving. After the judgments were modified on appeal by a determination that the crimes were of the second degree, the trial court ordered that the sentences run consecutively. On appeal from that order it was held that the trial court was not empowered to add anything to a judgment which had been approved. It thus appears that a material difference between the cited case and the present one is that the judgment had been entered in the cited case, and that the pronouncement of judgment in the present case had not been completed, and was not completed thereafter, on the occasion when the court stated the crime was burglary of the second degree. When the proceedings of that occasion were interrupted by defendant's motion for a continuance and the continuance of approximately $2\frac{1}{2}$ months was granted, the defendant was under no legal restraint by reason of said statement, and apparently the court, district attorney, counsel for defendant, and the clerk regarded the proceedings of that occasion, except the continuance, as ineffectual; and apparently for that reason no minute entry was made of the statement by the court that the crime was second degree burglary. One of the reasons for concluding that counsel for defendant apparently so regarded the proceedings is that counsel did not call the court's attention to the previous statement relative to second degree burglary when the defendant was sentenced on July 9th.

As above stated, there was neither a minute entry nor a judgment embodying the statement of the court relative to second degree burglary. The trial court did not err in changing its previous statement that the crime was second degree burglary. The case of *People* v. *McAllister*, (1940) 15 Cal.2d 519 [102 P.2d 1072], related to the power of the trial court to modify its sentence, and cited several cases concerning that subject. The court stated on page 526: ''From the foregoing cases we think the following rule has been established: If the sentence has been entered in the minutes of the court, or if the defendant has begun serving said sentence or has been restrained by the sentence imposed, then the court is without jurisdiction to vacate, add to, or in any manner modify the sentence originally pronounced. On the other hand, if the

sentence pronounced has not been entered by the clerk in his minutes, and no legal restraint has been imposed upon the defendant by reason of said sentence, then it is proper for the court to change the sentence originally pronounced.''

The judgment is affirmed.

Shinn, Acting P. J., and Shaw, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 8, 1943.