**STATE of Alaska, Appellant,**

v.

**Al TRUNNEL, Jr., Appellee.**

**No. 2637.**

Supreme Court of Alaska.

May 7, 1976.

Stephen G. Dunning, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellant.

William H. Fuld, Kay, Christie, Fuld & Saville, Anchorage, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

## OPINION

BOOCHEVER, Chief Justice.

In this appeal, the State of Alaska seeks our expression of disapproval of the sentences imposed on Mr. Trunnel as being too lenient.[1]

---

1. AS 12.55.120(b) provides:
   A sentence of imprisonment lawfully imposed by the superior court may be appealed to the supreme court by the state on the ground that the sentence is too lenient; however, when a sentence is ap-

Appellee Al Trunnel, Jr. was convicted upon his plea of nolo contendere to two counts of possession of narcotics and was originally sentenced to ten years imprisonment on each count, to run concurrently. On appeal, this court affirmed his conviction. *Trunnel v. State,* 535 P.2d 1041 (Alaska 1975). The defendant thereupon filed a timely motion to reduce his sentences under Alaska Rule of Criminal Procedure 35(a).[2] On July 11, 1975, the superior court reduced Trunnel's sentences by suspending five years of each ten-year sentence, and the State filed a timely notice of sentence appeal.

We first consider the question of whether a sentence appeal may be taken from an order granting or denying a motion to modify sentence under Alaska Rule of Criminal Procedure 35(a). Alaska Rule of Appellate Procedure 21(b) provides:

> Written notice of appeal from a sentence of the superior court by the state, or by a defendant appealing solely on the ground that the sentence is excessive, shall be filed with the clerk of the superior court which imposed the sentence not later than 30 days after sentence was imposed.

■ A sentence is "imposed" at the time it is first announced upon the record by the court.

"Imposed" is defined to mean, "to lay on," and "imposition" is "a placing, putting or laying on" . . . .. The imposition of sentence means laying the sentence upon the defendant, that is, the act of sentencing him . . . ..

*Kriebel v. United States,* 10 F.2d 762, 764 (7th Cir. 1926).

■ When a motion to reduce sentence under Criminal Rule 35(a) is granted, the court in effect vacates the sentence previously imposed upon the defendant and announces a new, lesser sentence. This fits the definition of "imposing" a sentence, and a sentence appeal would lie under the relevant statutes and rules.[3] We therefore hold that the State may appeal a sentence when it is modified by the superior court.

■ As we have frequently stated, our standard of review on a sentence appeal is to determine whether the trial court's imposition of sentence was clearly mistaken.[4] With this standard in mind, we have examined Trunnel's sentences.

The State contends that concurrent ten-year sentences with five years suspended from each do not meet the proper goals of a criminal sentence, outlined by this court in *State v. Chaney,* 477 P.2d 441, 444 (Alaska 1970), because the sentences do not sufficiently isolate Trunnel, deter him

pealed by the state and the defendant has not appealed the sentence, the court is not authorized to increase the sentence but may express its approval or disapproval of the sentence and its reasons in a written opinion.

Al Trunnel has not appealed the sentence imposed by the superior court.

2. Alaska Rule of Criminal Procedure 35(a) states:

> The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the supreme court of the state or of the United States denying an application for relief.

3. *See Corey v. United States,* 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963) ; *United States v. Behrens,* 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963) ; *Farries v. United States,* 439 F.2d 781 (3rd Cir. 1971). These cases hold that reduction of a maximum sentence as provided by 18 U.S.C. § 4208(b) (judge sentences first for maximum term and then awaits study by Bureau of Prisons before deciding whether to reduce sentence) is an imposition of sentence from which an appeal can be taken.

4. *State v. Lancaster,* Opn. No. 1247 n. 13 (Alaska, March 8, 1976) ; *Perrin v. State,* 543 P.2d 413, 415 (Alaska 1975) ; *Bradley v. State,* 535 P.2d 1031, 1032 (Alaska 1975) ; *Smith v. State,* 531 P.2d 1273, 1276 (Alaska 1975).

or others from similar crimes, reaffirm societal norms, nor are the sentences likely to accomplish rehabilitation of Mr. Trunnel.[5]

The pre-sentence report in this case indicates the following: Trunnel is a 48-year-old black who finished the eleventh grade and was married once, briefly. He has a spotty history of legitimate employment and admits that his major source of income for many years has been gambling. Trunnel stated that he is not addicted to narcotics. At the time of the offenses at issue here, he was operating an "after hours" social club.

Trunnel's criminal history shows two prior convictions for burglary in 1948 and 1949 when he was 21 and 22 years old. He received three years probation for "Suspicion of Possession of Narcotic Drugs Other than Marijuana" in 1962, and six months imprisonment with a $250.00 fine for "Illegal Possession of Hypnotic Drugs", which he described as diet pills, in 1964. Since 1964, his only convictions have been for traffic violations and gambling offenses.

In relating the length of sentence imposed to the seriousness of a drug offense, we are guided by our decision in *Waters v. State*, 483 P.2d 199, 201 (Alaska 1971). There we recommended that sentencing judges take into account four groups of drug offenders whose crimes are in the following descending order of seriousness:

1. Smuggling or sale of large quantities of narcotics or possession of large quantities for sale.

2. Smuggling or sale of small quantities of narcotics, or possession of small quantities for sale.

3. Possession of narcotics without intent to sell.

4. Marijuana offenses.

The offense for which Trunnel was convicted does not place him within the two most serious categories of drug offenders: the large and small dealers. Instead, he falls into the third category: offenders convicted for possession without intent to sell. The State suggests that Trunnel is a "major" drug dealer in Anchorage. Although there was evidence at the sentencing hearings that some of his associates may have used the premises or out-buildings of the club to hide narcotic drugs and engage in drug dealings, there was no evidence of a type which could be considered in sentencing[6] that Trunnel himself was a drug dealer.

█ We do not have before us the question of whether the original ten-year sentences with no time suspended were appropriate, but whether the trial court was clearly mistaken in imposing the modified sentences. We reiterate our agreement with the American Bar Association's statement that maximum prison terms ought not to exceed five years except for cases involving particularly serious crimes.[7]

---

5. The State argues that the original ten-year sentence without suspended time was proper in Trunnel's case because
   it is at least very likely, if not conclusively proven, that he falls within the most serious category of drug offenders [as denominated in the case of *Waters v. State*, 483 P.2d 199, 201 (Alaska 1971)].

6. We have often condemned reliance on previous "contacts" with the police as well as other offenses for which guilt has not been established. *Burleson v. State*, 543 P.2d 1195, 1203 (Alaska 1975); *Griggs v. State*, 494 P.2d 795, 798 (Alaska 1972); *Robinson v. State*, 492 P.2d 106, 107 (Alaska 1971); *Peterson v. State*, 487 P.2d 682, 683 n. 1 (Alaska 1971); *Galaktionoff v. State*, 486

P.2d 919, 924 (Alaska 1971); *Robinson v. State*, 484 P.2d 686, 690 n. 11 (Alaska 1971); *Waters v. State*, 483 P.2d 199, 202–03 (Alaska 1971).

7. American Bar Association Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures. Standard 2.1(b) at 13–14 (approved draft 1968). *Donlun v. State*, 527 P.2d 472, 475 (Alaska 1974). In the context of drug offenses, *see*, for example, *McClain v. State*, 519 P.2d 811 (Alaska 1974) (sentence of four years for one count of manufacturing and one of selling heroin affirmed); *Daygee v. State*, 514 P.2d 1159 (Alaska 1973) (four-year sentence affirmed for possession of a large quantity of marijuana for sale); *Nickerson v. State*, 492

We also agree with the State that Mr. Trunnel deserves substantial sentences in view of his current conviction of two narcotics offenses and his history of unlawful activities. We believe that concurrent ten-year sentences with five years suspended from each are substantial. Such sentences should serve both to deter the appellee and other drug offenders and to reaffirm societal norms while at the same time allowing for rehabilitation of Mr. Trunnel.[8] We therefore hold that the trial court was not clearly mistaken in modifying the sentence.[9]

AFFIRMED.

---

P.2d 118 (Alaska 1971) (sentence of eight years with four suspended for possession and sale of heroin affirmed) ; *Nicholas v. State*, 477 P.2d 447 (Alaska 1970) (sentence of two years for sale of marijuana affirmed). For a complete study of drug offense sentence review in Alaska, *see* R. Erwin, Five Years of Sentence Review in Alaska, 5 U.C.L.A.— Alaska L.Rev. 1, 11–12, Table III (1975). We have reviewed the sentence in only one other drug case which involved possession and not sale of narcotics, as is true in the instant case. In *Whitton v. State*, 533 P.2d 266 (Alaska 1975), we approved a ten-year sentence for possession because of aggravating circumstances: the defendant's fourteen previous convictions for other crimes.

8. *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970).

9. AS 12.55.075(a)(2) requires the court at the time of imposing sentence to prepare a sentencing report including "the reasons for selecting the particular sentence imposed". As stated in this opinion, when a court in effect vacates the sentence previously imposed upon the defendant and announces a new, lesser sentence, he is "imposing" a sentence. AS 12.55.075(a)(2) therefore becomes applicable.

The superior court judge in imposing the revised sentence referred to the briefs and memoranda submitted to the trial court but only specified as reasons for the reduced sentence the fact that between the date of the indictment in 1973 and the date of sentencing, July 11, 1975, the defendant was not involved in violations of a statute, and that when he was allowed to leave the state to attend a funeral in his family, he returned within the period of time allotted to him. The court also indicated a review of the second sentencing hearing but does not state additional reasons derived from such a review which led to the sentence reduction. Since we find that the court in imposing the reduced sentence was not clearly mistaken, we have not elected to remand this case. In future cases, full and explicit reasons should be set forth for imposing a sentence or reduction thereof.