GARY ROGER VAN DORN, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 9286

October 5, 1977                                569 P.2d 938

*Horace R. Goff,* State Public Defender, and *J. Thomas Susich,* Chief Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; and *Larry R. Hicks,* District Attorney, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

Following a solemn plea of guilty to the crime of burglary, appellant was sentenced to a 10-year term in the Nevada State Prison. The sentence was suspended, and appellant was placed on probation for four years. As a result of a probation revocation hearing held eight months later, appellant was ordered to spend 90 days in the Washoe County Jail, and his probation was extended an additional year. One year later, appellant was again brought before the court for violating the conditions of his probation. His probation was revoked, and he was ordered to serve his 10-year initial sentence in the Nevada State Prison, with credit for the 90 days spent in the Washoe County Jail. Appellant filed this petition for post-conviction relief, seeking credit on his prison term for the time he had spent on probation, even though not incarcerated, prior to the revocation of that probation.

The power of the judiciary to suspend the execution of a sentence and grant probation requires legislative authorization.

Nev. Const. art. 5, § 14.[1] While district courts have been given such authority in Nevada, NRS 176.185, this statutory power must be strictly construed. State v. District Court, 85 Nev. 485, 457 P.2d 217 (1969).

The Nevada Legislature has carefully specified those instances in which credit may be given toward a prison term. NRS 176.055; NRS 209.280–.290. Nowhere has it indicated that time spent out of confinement shall be included in such credits. Indeed, the Legislature has specifically mandated that no parolee may earn "good time" credits while on release from confinement. NRS 209.285(4). The United States Circuit Court of Appeals for the Ninth Circuit has observed that a defendant does "not . . . serve a part of his sentence outside the walls of prison." Flint v. Hocker, 462 F.2d 590, 592 (9th Cir. 1972).

The constitutional validity of this policy has often been affirmed. Hall v. Bostic, 529 F.2d 990 (4th Cir. 1975), *cert. denied,* 425 U.S. 954 (1976). "The purpose of probation is to avoid imprisonment so long as the guilty man gives promise of reform. Clearly, therefore, probation is not intended to be the equivalent of imprisonment." Kaplan v. Hecht, 24 F.2d 664, 665 (2d Cir. 1928), in Hall v. Bostic, 529 F.2d at 992.

The order of the district court denying appellant's petition for post-conviction relief is affirmed.

---

[1]Nev. Const. art. 5, § 14:

The legislature is authorized to pass laws conferring upon the district courts authority to suspend the execution of sentences, fix the conditions for, and to grant probation, and within the minimum and maximum periods authorized by law, fix the sentence to be served by the person convicted of crime in said courts.