HOWARD M. MILLER, Special Prosecutor, State of Nevada, County of Clark, Petitioner, *v.* THE HONORABLE KEITH C. HAYES, District Judge of the Eighth Judicial District Court, in and for the County of Clark, State of Nevada, and JANIECE SEARLES BELLANGER, Respondents.

No. 12189

December 20, 1979                              604 P.2d 117

---

*Howard M. Miller,* Special Prosecutor, Clark County, State of Nevada, for Petitioner.

*John Peter Lee,* Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, J.:

Howard M. Miller, Special Prosecutor for the State of Nevada, Clark County, petitions this court for a writ of mandamus compelling respondent Judge Keith C. Hayes to enter a judgment of conviction against Janiece Searles Bellanger in the form pronounced on June 26, 1979, and to vacate the judgment of conviction signed and entered against her on July 6, 1979.

Bellanger pleaded nolo contendere to the felony charge of driving under the influence of intoxicating liquor resulting in death or substantial bodily harm to another person. NRS 484.3795. On June 26, 1979, imposition of sentence and judgment were pronounced by the court and entered in the court minutes. The defendant was sentenced "to Nevada State Prison for a term of five (5) years, sentence to commence immediately," and was fined $5,000. The judgment was neither signed by the judge nor entered by the clerk.

On July 6, 1979, the district court conducted another hearing, reconsidered the question of probation, announced that

the previous sentence was "withdrawn," and again pronounced sentence of five years in the Nevada State Prison and a $5,000 fine, but ordered that the sentence be suspended and the defendant placed on an indeterminate period of probation, not to exceed five years, on the special condition that she pay for and complete a residential rehabilitation program for alcoholics at Gemini Group Home, Inc., and that she not be released from such program without prior approval by that court. She was further ordered not to drink any alcoholic beverages, and not to drive.

The petitioner contends that the district court was without jurisdiction to modify in any manner, and for any cause, the sentence pronounced, but not signed or entered, on June 26, 1979. We disagree.

NRS 176.185(3) provides that "[i]n issuing the order granting probation, the court may fix the terms and conditions thereof, . . . except that the court shall not suspend the execution of a sentence of imprisonment after the defendant has begun to serve it." *See also* State v. District Court, 85 Nev. 485, 457 P.2d 217 (1969). The question before this court, then, is simply when does a defendant begin to serve a sentence of imprisonment.

The district court pronounced sentence on June 26, 1979 "to commence immediately". While NRS 176.335(3) provides that "[t]he term of imprisonment designated in the judgment shall begin on the date of sentence of the prisoner by the Court," we do not believe that subsection 3 is applicable to this case. Contrary to petitioner's contention, a district judge's pronouncement of judgment and sentence from the bench is not a final judgment and does not, without more, oust the district court of jurisdiction over the defendant. Only after a judgment of conviction is "signed by the judge and entered by the clerk," as provided by NRS 176.105, does it become final and does the defendant begin to serve a sentence of imprisonment. Otherwise, a district judge could never suspend an announced sentence and grant probation under NRS 176.185(1), since the defendant, immediately after pronouncement of sentence, would have commenced serving his or her sentence.

At the time the district judge reconsidered his previous action, resentenced the petitioner, and placed her on probation, no judgment had been signed by the judge nor entered by the clerk. Therefore the district judge had jurisdiction to modify or suspend his earlier decision.

Writ denied.

MOWBRAY, C. J., and GUNDERSON, J., concur.

MANOUKIAN, J., with whom THOMPSON, J., joins, dissenting:

The majority opinion holds that a district judge's pronouncement of judgment and sentence from the bench is not a final judgment and does not, without more, deprive the district judge of jurisdiction over the matter. I respectfully dissent from that result.

On June 26, 1979, in the presence of the defendant and her counsel, entry of judgment and imposition of sentence were pronounced by the court and entered in the minutes, which reflect that Mrs. Bellanger was sentenced "to Nevada State Prison for a term of five (5) years, sentence to commence immediately," and was further fined $5000. The record shows that defense counsel informed the court of the previous unsuccessful participation by Mrs. Bellanger in a number of alcoholic treatment programs, in Nevada and elsewhere, and argued that she should not be incarcerated. The court concluded that although "in this particular case the hard thing to do is to follow the recommendation [of the pre-sentence report that Mrs. Bellanger be incarcerated]," her conduct reflected "an inexcusable disregard for the most important right that any of us have, and that is the right to live." Thereafter, Mrs. Bellanger was remanded to the custody of the sheriff.

On July 6, 1979, the court conducted a second hearing. The judge commented that his primary concern continued to be the protection of the community, but that "a resourceful attorney has come up with an alternative to that which I had originally ordered and in addition some people whom I respect, who have an interest in Mrs. Bellanger and her family, came forward in her behalf since the time of sentencing, and I am impressed with that." The court then announced that the previous sentence was "withdrawn." He reaffirmed the sentence of five years in the Nevada State Prison and a $5000 fine, but then ordered that the sentence be suspended and the defendant placed on an indeterminate period of probation, not to exceed five years, on the special condition that she pay for and complete a residential rehabilitation program for alcoholics at Gemini Group Home, Inc., not be released from such program without prior approval by this court, not drink any alcoholic beverages, and not drive. The written judgment filed on July 6, 1979, reflects that the defendant was sentenced on June 26, 1979, which sentence was reimposed and suspended, with the grant of probation.

The state contends that the trial court was without jurisdiction to modify in any manner, and for any cause, the sentence once imposed. While I believe that this contention is over-broad in this factual context, I find that it has substantial merit. *Cf.* Warden v. Peters, 83 Nev. 298, 301–02, 429 P.2d 549, 551–52 (1967) (trial court had inherent power to correct mistake in sentence); *see also* NRS 176.165, 176.555, 176.565. I do, however, agree that in this instance the judgment must be modified, as the court was without authority to suspend the execution of the sentence once imposed and place the defendant on probation after she had begun to serve her sentence.

Article 5, section 14 of our constitution provides in part:

> The legislature is authorized to pass laws conferring upon the district courts authority to suspend the execution of sentences, fix the conditions for, and to grant probation, and within the minimum and maximum periods authorized by law, fix the sentence to be served by the person convicted of crime in said courts.

Nev. Const. art. 5, § 14. Although district courts have been given such authority, *see* NRS 176.185, this statutory power must be strictly construed. Van Dorn v. Warden, 93 Nev. 524, 525–26, 569 P.2d 938, 939 (1977); State v. District Court, 85 Nev. 485, 487, 457 P.2d 217, 218 (1969).

The legislature has specifically provided, ''in issuing the order granting probation, the court may fix the terms and conditions thereof, . . . except that the court *shall not suspend* the execution of a sentence of imprisonment after the defendant has begun to serve it.'' NRS 176.185(3) (emphasis added). *See also* State v. District Court, 85 Nev. 485, 457 P.2d 217 (1969).

Here the court unequivocally pronounced sentence on June 26, 1979, ''to commence immediately.'' NRS 176.335(3) provides that ''The term of imprisonment designated in the judgment shall begin on the *date of sentence* of the prisoner by the Court.'' (Emphasis added.) The majority, citing NRS 176.105, states that ''only after a judgment is 'signed by the judge and entered by the clerk,' does it become final.'' Unlike NRS 176.185(3), however, NRS 176.105 is silent respecting the time at which a sentence is to commence. I deem NRS 176.185(3) controlling. In State v. Trunnel, 549 P.2d 550 (Alaska 1976), the court stated, ''A sentence is 'imposed' at the time it is first announced upon the record by the court.'' *Id.* at 551, *citing* Kriebel v. United States, 10 F.2d 762, 764 (7th Cir. 1926). This is the law in a majority of the jurisdictions and inferentially has been in Nevada. *See* State v. Clark, 90 Nev. 144, 520 P.2d 1361

(1974); State v. District Court, 85 Nev. 485, 457 P.2d 217 (1969). *See also* Smith v. Johns, 532 P.2d 49 (Colo. 1975); People v. Kersten, 138 P.2d 780 (Cal. 1943).

If, as here, the sentence as orally pronounced has been entered upon the court's minutes and the defendant has begun service of the sentence, it is impossible to overlook the reality of Mrs. Bellanger's several days of incarceration following the imposition of judgment and sentence. It is well established that the remand of a defendant to the custody of a sheriff, as was done here, constitutes a partial execution of the oral judgment for purposes of consideration of credit for time served under equal protection guarantees of both federal and state constitutions. *See* Anglin v. State, 90 Nev. 287, 525 P.2d 34 (1974).

The legislature has provided for the lapse of a period of time prior to the imposition of judgment and sentence within which the Department of Parole and Probation is to investigate the background, circumstances, criminal record of the defendant, and make a recommendation to the court of a definite term of confinement, amount of fine, or both. NRS 176.185(2); 176.145. Surely, the legislature considered these reasonable periods of time within which the sentencing judges could give, as was initially done in the instant case, the careful consideration that the state and the defendant are entitled to receive at this significant stage of the proceeding. Here, the sentencing judge, with commendable deliberation and rationale, stated his reasons for selecting the particular sentence initially imposed which was consistent with the recommendation by the Department of Parole and Probation. It is apparent to me that the court took into consideration all relevant factors, including the defendant's driving record and condition at the time of this arrest, prior to imposing judgment and sentence.[1] We have held that "[m]andamus is a proper remedy to compel the vacation of a judgment which unlawfully suspends the execution of a sentence in a criminal case." State v. District Court, 85 Nev. at 487, 457 P.2d at 218. Accordingly, I would direct that a writ issue, compelling the trial court to vacate that portion of its judgment which suspended the sentence imposed on June 26, 1979.

---

[1]The record demonstrates that one and one half hours following the defendant's arrest, a chemical analysis of her blood indicated a 0.33 percent weight of alcohol. NRS 484.381 specifies that a blood alcohol result of 0.10 percent or more by weight of alcohol in a defendant's blood gives rise to the presumption that the defendant was under the influence of intoxicating liquor.