*1091
 
 OPINION
 

 Per Curiam:
 

 Appellant Phillip Bradley was convicted by a jury of four counts of attempted sexual assault on a minor, seven counts of sexual assault on a minor, and one count of lewdness with a minor. Each of the counts involved one of Bradley’s two young stepdaughters. Bradley alleges four assignments of error on appeal: (1) the district judge erred in admitting testimony that Bradley had disciplined one of the victims by beating her with a belt; (2) the written judgment of conviction was inconsistent with the sentence orally imposed at the sentencing hearing; (3) Nevada’s reasonable doubt standard is unconstitutional; and (4) there was insufficient evidence adduced at trial to support three of Bradley’s twelve convictions. We conclude that Bradley’s first three assignments of error are without merit. However, our review of the record indicates that Bradley was unfairly convicted of one count. We therefore reverse and vacate Count VIII.
 

 FACTS
 

 The particular acts for which Bradley was convicted occurred during the period of July 20, 1990, to February 12, 1991. Sometime in February of 1991, Bradley’s two stepdaughters met with a Clark County school counselor and recounted numerous acts of sexual assault performed upon them by Bradley. The young girls were immediately removed from the home, and Bradley was arrested.
 

 We limit our recitation of the facts to those that are necessary for this appeal. McIntosh v. Knox, 40 Nev. 403, 408, 165 P. 337, 337 (1917). Counts V, VI, and VIII involve Bradley’s nine-year-old stepdaughter, whom we will refer to as “Victim.” Counts V and VI result from acts that occurred on or about July 20, 1990, which was memorable to the Victim because it was her ninth birthday. Using anatomically correct dolls, the Victim testified
 
 *1092
 
 that Bradley forced her to sit on his penis while he moved “up and down,” causing a great deal of vaginal pain. Unfortunately, the girl was unable to confirm that Bradley’s penis had penetrated her vagina. However, Bradley’s “up and down” motion was “hurtful” to the Victim and more painful than a “sock in the arm.” The Victim further testified that Bradley used one or two fingers to caress her vagina. When asked if the fingers ever went “inside” her vagina, the Victim could only respond that she did not remember, but that it hurt “in all of [her] vagina” and “in [her] heart.”
 

 Count VIII resulted from an incident that allegedly occurred on or about December 1, 1990. The Victim’s testimony regarding the incident is scant. After a lengthy and detailed recitation of the July 20, 1990, assault, the last twenty-two questions having dealt with fellatio, the prosecutor asked the Victim if anything ever happened on December 1st. The Victim responded, “the same thing as my birthday.” The Victim’s birthday is July 20th. The Victim offered no other testimony of the December 1, 1990 incident.
 

 The prosecution called Patricia Merrifield as an expert in the treatment of children who have been sexually assaulted. Merri-field testified that the Victim’s mental condition and behavior were consistent with the mental condition and behavior of other child victims of sexual assault. In describing the basis for her opinion, Merrifield explained to the jury that the Victim had reported episodes in which Bradley had beaten her with a belt. Specifically, Merrifield testified:
 

 [The Victim] describes her stepfather as being a very powerful man, as being a very physical man. She describes a lot of incidents where he beat her with a belt.
 

 Defense counsel objected to the testimony as irrelevant, but the district court overruled the objection on the ground that Merri-field had been discussing the Victim’s fear of disclosure and that the belt episodes went directly to her mental, physical and/or emotional condition.
 

 The jury deliberated approximately two hours and returned guilty verdicts on all counts. On February 26, 1991, the trial court conducted a sentencing hearing at which it sentenced Bradley to seven terms of life imprisonment, four twenty-year terms of imprisonment, and one ten-year term of imprisonment. The district judge did not specify whether the life sentence for Count VI would run consecutively or concurrently with the other sentences. However, the written judgment of conviction signed by the district judge and entered by the clerk specified that the life sentence for Count VI was to run consecutively to Count V.
 

 
 *1093
 

 Reference to Prior Bad Acts
 

 Bradley first argues that the district court should have excluded portions of Merrifield’s testimony pursuant to NRS 48.045(2), which requires the exclusion of evidence relating to “other crimes, wrongs or acts” when it is introduced to prove a person acted in conformity with a particular character trait. However, evidence of such acts is admissible if relevant for some other purpose. McMichael v. State, 94 Nev. 184, 188, 577 P.2d 398, 400 (1978). The decision to admit or exclude such evidence is within the district court’s discretion and will not be disturbed unless it is manifestly wrong. Daly v. State, 99 Nev. 564, 567, 665 P.2d 798, 801 (1983). Nonetheless, the district court must strike a proper balance between the probative value of the evidence and its prejudicial dangers. Elsbury v. State, 90 Nev. 50, 53, 518 P.2d 599, 601 (1974). We conclude that the district court’s decision, if wrong at all, was not “manifestly wrong.”
 

 While Merrifield’s testimony of Bradley’s penchant for belt beating falls under “other wrongs or acts,” its purpose was not to show that Bradley acted in conformity with a particular character trait. In fact, Merrifield never testified about Bradley or his character; the testimony was proffered for purposes of explaining Merrifield’s expert opinion. Moreover, the district court’s decision to admit the testimony was harmless. Merrifield was the last witness called by the prosecution. Prior to Merrifield’s testimony, the jury heard graphic details of incestuous intercourse, digital penetration, fellatio, cunnilingus, and ejaculatory practices. The jury viewed slides of scarred and disfigured genitalia. It is highly unlikely that the brief and solitary reference to Bradley’s use of a belt when disciplining the Victim prejudicially affected the jury’s perception of Bradley.
 

 We have previously established certain considerations that are relevant when deciding if an error is harmless or prejudicial. Big Pond v. State, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985). These considerations include the margin of difference between innocence or guilt, the quantity and character of the error, and the gravity of the crime charged.
 
 Id.
 
 Bradley’s crimes are egregious, the evidence of Bradley’s guilt is overwhelming and the jury needed only two hours of deliberation to return guilty verdicts on all counts. Additionally, Merrifield’s reference to the belt beatings was both brief and nondescriptive. We conclude that the district court did not err in admitting the contested portion of Merrifield’s testimony.
 

 
 *1094
 

 Inconsistency Between the Written Judgment of Conviction and the Sentence Orally Imposed at the Sentencing Hearing
 

 Bradley next argues that his life sentence for Count VI should run concurrently with his life sentence for Count V because the district judge failed to specify at the sentencing hearing whether Bradley’s life sentence for Count VI was to run consecutively or concurrently with Bradley’s other sentences.
 

 NRS 176.035(1) mandates a concurrent sentence when the sentencing court fails to designate the sentence as consecutive. The statute reads:
 

 [WJhenever a person is convicted of two or more offenses, and sentence has been pronounced for one offense, the court in imposing any subsequent sentence may provide that the sentences subsequently pronounced run either concurrently or consecutively with the sentence first imposed. Except as otherwise provided in subsections 2 and 3,
 
 if the court makes no order with reference thereto, all such subsequent sentences run concurrently.
 

 (Emphasis added.)
 

 Bradley contends that his sentence for Count VI was “pronounced” at the sentencing hearing and should therefore run concurrently with Count V pursuant to NRS 176.035(1). Bradley references NRS 176.105 to buttress his position that a sentence is “pronounced” at the sentencing hearing and is simply memorialized by the subsequent written judgment of conviction. NRS 176.105 reads:
 

 1. If a defendant is found guilty and is:
 

 (b) Sentenced as provided by law, the judgment of conviction must set forth:
 

 (1) The plea;
 

 (2) The verdict or finding;
 

 (3) The adjudication and sentence, including the date of sentence, a reference to the statute under which the defendant is sentenced ....
 

 In the present case, Bradley’s sentence was orally pronounced and imposed at the sentencing hearing held on February 26, 1992. However, the district judge modified the oral sentence by the signed and entered written judgment of conviction. The district judge’s subsequent modification of the sentence is effective based upon our earlier decision in Miller v. Hayes, 95 Nev. 927, 604 P.2d 117 (1979).
 

 In
 
 Miller,
 
 the defendant pleaded nolo centendere to a felony
 
 *1095
 
 charge. The district judge orally “pronounced” a judgment and sentence, which was then entered in the court minutes. However, the judgment was neither signed by the judge nor entered by the clerk. Two weeks later the district judge conducted another sentencing hearing, at which time he “withdrew” the existing sentence and “pronounced” a lesser sentence. On appeal, we concluded that an oral pronouncement of a sentence remains modifiable by the imposing judge until such time as it is signed and entered by the clerk. We wrote:
 

 [A] district judge’s pronouncement of judgment and sentence from the bench is not a final judgment and does not, without more, oust the district court of jurisdiction over the defendant. Only after a judgment of conviction is “signed by the judge and entered by the clerk,” as provided by NRS 176.105 does it become final and does the defendant begin to serve a sentence of imprisonment.
 

 95 Nev. at 929, 604 P.2d at 118;
 
 see also
 
 State v. Watchman, 809 P.2d 641, 644-45 (N.M.Ct.App. 1991). Accordingly, we find no error in the district court’s ultimate written judgment of conviction.
 

 Constitutionality of NRS 175.211
 

 Bradley relies upon the U.S. Supreme Court’s decision in Cage v. Louisiana, 498 U.S. 39 (1990), to argue that the reasonable doubt jury instruction required by NRS 175.211 is unconstitutional. We have previously distinguished Nevada’s reasonable doubt instruction from the unconstitutional instruction found in
 
 Cage.
 
 Lord v. State, 107 Nev. 28, 40, 806 P.2d 548, 555 (1991);
 
 see also
 
 Felder v. State, 107 Nev. 237, 243, 810 P.2d 755, 758 (1991); Beets v. State, 107 Nev. 957, 963, 821 P.2d 1044, 1048-49 (1991). We refuse to revisit this issue now.
 

 Sufficiency of the Evidence to Sustain Counts V, VI, and VIII
 

 Bradley’s final argument is that the evidence presented at trial was insufficient to sustain the jury’s verdicts on Counts V, VI, and VIII. We disagree with respect to Counts V and VI, but we agree that Bradley was unfairly convicted of Count VIII.
 

 The standard of review for sufficiency of the evidence upon appeal is “whether, after viewing the evidence in the light most favorable to the prosecution,
 
 any
 
 rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Koza v. State, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)). Counts V and VI are premised upon
 
 *1096
 
 Bradley’s digital and penile penetrations of the Victim. “Penetration” is defined by statute as “any intrusion, however slight.” NRS 200.364(2). Although the Victim testified as ably as can be expected under the circumstances, she was unable to detail the assault episodes with the clarity and precision of an adult witness. Nonetheless, the cumulative evidence presented at trial, coupled with the Victim’s own testimony, convinces us that a rational trier of fact could have concluded that Bradley was guilty of Counts V and VI.
 

 Count VIII specifically alleges that Bradley inserted his penis into the Victim’s vagina. However, “the same thing as my birthday” could have meant a number of things other than penile penetration, such as fellatio, cunnilingus, or digital penetration. We have previously required child victims of sexual assault to testify with at least
 
 some
 
 particularity regarding the assault in order to uphold a conviction. LaPierre v. State, 108 Nev. 528, 836 P.2d 56 (1992). Unfortunately, the Victim in this case did not testify with any particularity regarding the December 1, 1990 incident. The prosecutor was unable to elicit sufficient testimony from the Victim, and the jury appears to have based its decision on “mere conjecture.” We are forced to reverse and vacate Bradley’s conviction of Count VIII.
 

 CONCLUSION
 

 For the reasons stated above, we conclude that Bradley was fairly tried and convicted of all counts except Count VIII. Accordingly, we hereby affirm the written judgment of conviction on all counts except Count VIII, which is reversed and vacated.