An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

K.P.D.

No. 64922

K.P.D.
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
WILLIAM O. VOY, DISTRICT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER DENYING PETITION

This original petition for a writ of prohibition and/or mandamus challenges a juvenile court order awarding restitution. Petitioner also requests that this court direct the juvenile court to deny the State's pending request to reduce the restitution award to a civil judgment.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control a manifest abuse or arbitrary or capricious exercise of discretion." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 779 (2011) (citation omitted). A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the jurisdiction of the district court. NRS 34.320. Neither writ will issue, however, if the petitioner has a plain, speedy, and adequate remedy in the ordinary

SUPREME COURT
OF
NEVAOA

(O) 1947A

14-23822

course of law. NRS 34.170; NRS 34.330. And, because mandamus and prohibition are extraordinary remedies, the decision to entertain a petition for a writ of mandamus or prohibition lies within our discretion. *Hickey v. Eighth Judicial Dist. Court*, 105 Nev. 729, 731, 782 P.2d 1336, 1338 (1989).

Petitioner represents that the juvenile court has not entered a written order in this matter. Because the juvenile court's oral order is "ineffective for any purpose," *Rust v. Clark Cnty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987), the court remains free to reconsider the issue, *see id.* at 688, 747 P.2d at 1382; *see also Bradley v. State*, 109 Nev. 1090, 1094-95, 864 P.2d 1272, 1275 (1993) (recognizing that a judge's oral pronouncement of judgment and sentence remains subject to modification until it is signed by the judge and entered by the clerk). For this reason, we are not convinced that our intervention by way of extraordinary writ is warranted at this time, and we

ORDER the petition DENIED.

_____, J.
　　　　　Pickering

_____ J.
Parraguirre

_____, J.
　　　　　Saitta

cc:　Hon. William O. Voy, District Judge, Family Court Division
　　　Clark County Public Defender
　　　Attorney General/Carson City
　　　Clark County District Attorney
　　　Eighth District Court Clerk