An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDYN WILLIAM GAYLER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65306

FILED

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying motions to correct an illegal sentence and to modify sentence.[1] Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

In his motion to correct an illegal sentence, filed on February 19, 2014, appellant claimed that, because no original judgment of conviction had been entered in his case, the district court lacked jurisdiction to revoke probation, sentence him to a term of imprisonment, and enter an amended judgment of conviction. Appellant failed to

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30877

demonstrate that his sentence was facially illegal or that the district court lacked jurisdiction. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). The absence of an original judgment of conviction did not deprive the district court of jurisdiction to impose a sentence of imprisonment and file an amended judgment of conviction. *See Miller v. Hayes*, 95 Nev. 927, 929, 604 P.2d 117, 118 (1979) (stating that a district court's oral pronouncement is not final and may be modified before a written order is filed). Therefore, we conclude that the district court did not err in denying appellant's motion to correct an illegal sentence.

In his motion to modify sentence, filed on March 4, 2014, appellant claimed that the district court improperly relied on information in the presentence investigation report and on the victim's testimony at sentencing, which indicated that appellant had committed the offense of sexual assault rather than attempted sexual assault, which was the offense to which he pleaded guilty. Appellant also contended that the victim's testimony at sentencing was highly suspect and that the district court's statements during the probation revocation hearing indicated that the district court did not understand the facts of the offense. Appellant failed to demonstrate that the district court relied on mistaken assumptions regarding his criminal record that worked to his extreme detriment. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324

(1996). Therefore, we conclude that the district court did not err in denying appellant's motion to modify. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Jerome T. Tao, District Judge
Brandyn William Gayler
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

_____

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.