An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON ROBERT BRAMLAGE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65418

**FILED**

SEP 1 9 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court order revoking probation and imposing sentence. Seventh Judicial District Court, Eureka County; Gary Fairman, Judge.

Appellant Jason Bramlage contends that the district court abused its discretion by disregarding an order and a modified order admitting him to probation and fixing the terms of his probation. Bramlage argues that his sentence was ambiguous and that he was entitled to rely upon the favorable or advantageous construction in the probation agreement. We disagree.

Bramlage pleaded guilty on August 21, 2009, to one count of attempted import or transport of a controlled substance. At the sentencing hearing on October 16, 2009, the district court orally sentenced Bramlage to the Nevada Department of Corrections for a term of 20 to 50 months, suspended the sentence, and placed Bramlage on probation. On that same date, the district court signed an order admitting Bramlage to probation and fixing the terms of his probation. In that order, Bramlage's underlying sentence was noted as 12 to 36 months. However, a judgment

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31155

of conviction[1] was entered on October 28, 2009, providing a sentence of 20 to 50 months. After a probation revocation hearing on May 17, 2013, a modified order admitting Bramlage to probation and fixing the terms of his probation was entered, again noting an underlying sentence of 12 to 36 months. Bramlage argues that his sentence was ambiguous and that he justifiably relied upon the sentence construction set forth in the probation agreement and the modified probation agreement. He asks this court to remand the case with instructions that the district court reinstate the modified sentence of 12 to 36 months.

We have held that a judgment is final once it is "'signed by the judge and entered by the clerk.'" *Miller v. Hayes*, 95 Nev. 927, 929, 604 P.2d 117, 118 (1979) (quoting NRS 176.105(3)). Here, the district court entered the judgment of conviction on October 28, 2009, in which Bramlage was sentenced to a term of 20 to 50 months, that term was suspended, and Bramlage was placed on probation. The documents referenced by Bramlage, both prepared by the Division of Parole and Probation and not the district court, merely set forth the terms of his probation. While the documents were signed by the district court, they were not judgments of conviction nor did they modify Bramlage's sentence. Furthermore, at the first probation revocation hearing on May 17, 2013, the district court reiterated Bramlage's underlying sentence of 20 to 50 months before reinstating his probation. We conclude that the district court did not abuse its discretion by imposing the underlying sentence of 20 to 50 months upon later revoking his probation. *See* NRS 176A.630

___

[1]We note that the district court entitled Bramlage's judgment of conviction a Judgment and Sentence.

(identifying actions the court may take upon determining probationer violated a term of probation). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Gary Fairman, District Judge
     State Public Defender/Ely
     State Public Defender/Carson City
     Attorney General/Carson City
     Eureka County District Attorney
     Eureka County Clerk