An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDYN WILLIAM GAYLER AKA
BRANDYN GAYLER
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67760

**FILED**

SEP 1 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; J. Charles Thompson, Senior Judge.

Appellant Brandyn William Gayler filed his petition on April 11, 2014, over a year after entry of the amended judgment of conviction on September 26, 2012. Thus, his petition was untimely filed. *See* NRS 34.726(1). Moreover, his petition constituted an abuse of the writ because he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(2). Gayler's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Gayler v. State*, Docket No. 64980 (Order of Affirmance, July 22, 2014).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-27540

In an attempt to excuse his procedural defects, Gayler asserted that he did not discover the factual basis of his claim—that no original judgment of conviction had been entered in his case—until the State pointed it out during the proceedings on his first post-conviction petition. We conclude that Gayler failed to demonstrate good cause, as he could have ascertained the absence of an original judgment of conviction before he filed his first post-conviction petition. *See Hathaway v. State*, 119 Nev. 248, 253, 71 P.3d 503, 506 (2003). In addition, Gayler failed to demonstrate prejudice because this court has already concluded that his underlying claim—that the district court lacked jurisdiction to revoke probation, sentence him to a term of imprisonment, and enter an amended judgment of conviction because no original judgment of conviction had been entered in his case—lacked merit.[3] *Gayler v. State*, Docket No. 65306 (Order of Affirmance, September 17, 2014); *Miller v. Hayes*, 95 Nev. 927, 929, 604 P.2d 117, 118 (1979) (stating that a district court's oral pronouncement is not final and may be modified before a written order is filed).

Next, Gayler claimed that relief is warranted based on *United States v. Levitt*, 799 F.2d 505 (9th Cir. 1986). A decision from 1986 was reasonably available to Gayler when he filed his first petition and does not constitute good cause for this late, successive petition. *See Hathaway*, 119

---

[3]The absence of an original judgment of conviction also had no impact on Gayler's ability to litigate his first post-conviction petition. Because his first petition was filed within a year of entry of the amended judgment of conviction, this court deemed it timely filed and considered his claims on the merits. *See Gayler v. State*, Docket No. 64980 (Order of Affirmance, July 22, 2014).

Nev. at 253, 71 P.3d at 506. Gayler also appeared to contend that relief was warranted in light of a recent news article about a false imprisonment lawsuit, which indicates that a valid judgment of conviction is required before a person can be imprisoned. This news article does not provide a factual or legal basis for his underlying claims and thus cannot constitute good cause to overcome the procedural bars. Finally, while Gayler claimed that he could not have discovered the factual basis of his claim earlier due to "some interference by officials," he provided no factual allegations in support of an "official interference" claim. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506. Accordingly, we conclude that the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Chief Judge, The Eighth Judicial District Court
       Hon. J. Charles Thompson, Senior Judge
       Brandyn William Gayler
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk