# IN THE SUPREME COURT OF THE STATE OF NEVADA

SCOTT ALAN REYNOLDS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75716

FILED

NOV 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of statutory sexual seduction by a person age 21 or older and attempted luring of a child. Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge. Appellant Scott Alan Reynolds argues that the district court erred in imposing a sentence that exceeded the sentence the court had orally pronounced. We disagree and affirm.[1]

After Reynolds pleaded guilty, the district court held a sentencing hearing with Reynolds and his counsel present. At the end of the hearing, the court orally pronounced a sentence of 12 to 34 months. In the judgment of conviction, however, the court noted that it had further considered the circumstances aggravating the severity of the offenses and imposed a sentence of 20 to 50 months.

Reynolds argues that the district court violated his rights to be present and have counsel present at every critical stage of the proceedings by increasing his sentence without notice and outside of his presence. Reynolds is mistaken. While it is undisputed that the sentencing hearing

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

18-904406

was a critical stage that Reynolds was entitled to attend, and did, with the assistance of counsel, *see* NRS 178.388(1); *Cunningham v. State*, 94 Nev. 128, 130, 575 P.2d 936, 938 (1978), the right to be present was not violated when the judge simply evaluated the facts in the record without considering new evidence or argument from either side, *see Kirksey v. State*, 112 Nev. 980, 1000-01, 923 P.2d 1102, 1115 (1996). Reynolds had the opportunity to advocate for his interests and proffers no authority suggesting that the district judge's review of the relevant facts after the hearing was a critical stage of the proceedings at which he had a right to be present. *See United States v. Gagnon*, 470 U.S. 522, 526-27 (1985) (holding that due process requires the defendant's presence only where his absence would thwart a fair and just hearing and that the defendant did not need to attend a minor conference in which he would not have meaningfully participated); *see also United States v. Ash*, 413 U.S. 300, 313 (1973) (providing that a critical stage in the proceeding is one where "the accused required aid in coping with legal problems or assistance in meeting his adversary"). Accordingly, we conclude that Reynolds has not shown that the district court violated his constitutional rights to be present and have counsel present.

Reynolds also argues that the district court violated the Double Jeopardy Clause by increasing his sentence. Double jeopardy applies when a defendant has begun serving his sentence. *See Dolby v. State*, 106 Nev. 63, 65, 787 P.2d 388, 389 (1990). A defendant begins serving his sentence when the judgment of conviction signed by the judge is entered by the clerk. *See* NRS 176.105(3); NRS 176.335(3); *Miller v. Hayes*, 95 Nev. 927, 929, 604 P.2d 117, 118 (1979). Before the written judgment of conviction is entered, the "the district judge ha[s] jurisdiction to modify or suspend his earlier decision" because the defendant has not yet begun serving his sentence.

*Miller*, 95 Nev. at 929, 604 P.2d at 118. Accordingly, the district court's decision to increase the sentence after the court orally pronounced the sentence but before it entered the written judgment of conviction did not implicate the Double Jeopardy Clause.

Having considered Reynolds' contentions and concluded that relief is not warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Jim C. Shirley, District Judge
       Gary A. Modafferi
       Attorney General/Carson City
       Pershing County District Attorney
       Pershing County Clerk