# IN THE SUPREME COURT OF THE STATE OF NEVADA

MONTRAIL DELVONTA SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74373

FILED

JAN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Montrail Delvonta Smith filed his petition on May 19, 2016, more than one year after the March 17, 2009, issuance of the remittitur on his direct appeal filed pursuant to *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994). *Smith v. State*, Docket No. 50134 (Order of Affirmance, February 20, 2009). Thus, Smith's petition was untimely filed. Smith had also previously filed a postconviction petition for a writ of habeas corpus. *Smith v. State*, Docket No. 63437 (Order of Affirmance, April 10, 2014). Therefore, Smith's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (2), (3). Additionally, because the State pleaded laches, Smith was required to overcome the presumption of prejudice to the State. *See* NRS 34.800.

Smith argues that the district court erred in denying his petition as procedurally barred given that the court initially entertained the

19 - 02833

merits of his claims. He contends that he has good cause to excuse the procedural default because the same counsel represented him in his untimely direct appeal and first postconviction petition.[1] He asserts that this prior representation resulted in an inherent conflict of interest that rendered prior postconviction counsel ineffective. We conclude the district court did not err in determining that Smith failed to demonstrate good cause. Smith is essentially arguing that the ineffective assistance of postconviction counsel provides good cause for his untimely and successive petition. This cannot suffice as good cause because he was not entitled to the statutory appointment of postconviction counsel. *See Brown v. McDaniel*, 130 Nev. 565, 571, 331 P.3d 867, 871-72 (2014).[2] Smith's petition was also filed over one year after the remittitur from the appeal affirming the denial of his postconviction petition, and the ineffective assistance of postconviction counsel or the prior conflict of interest would not excuse the entire length of the delay. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Further, even assuming that an ineffective-assistance-of-counsel argument could provide good cause, the failure to raise specific claims would not demonstrate good cause because the first petition was itself procedurally barred. *See Smith*, Docket No. 63437. Therefore, any claim must in and of itself demonstrate good cause to warrant the untimely filing and prejudice. His contentions that trial

---

[1]Smith also claimed that his counsel's "unmanageable caseload" created another conflict of interest.

[2]Smith contends that *Brown* and cases relying on it were wrongly decided and conflict with *United States v. Del Muro*, 87 F.3d 1078, 1080 (9th Cir. 1996), as well as several unpublished orders of this court. We decline to revisit *Brown*.

counsel was ineffective for failing to challenge trial error an that appellate counsel provided ineffective assistance did not provide good cause to excuse the delay in filing the prior petition. *See Rippo v. State*, 134 Nev., Adv. Op. 53, 423 P.3d 1084 (2018) (recognizing that to show ineffective assistance of postconviction counsel necessary to excuse procedural bar, petitioner must demonstrate that postconviction counsel failed to raise claims that would have warranted relief in the prior petition).

Moreover, Smith could not demonstrate prejudice from the failure to consider the claims in the prior petition because those claims lacked merit. Smith argues that trial counsel should have advised him of his right to testify, argued that trial testimony of detectives and medical examiners violated his right to confrontation, and argued that several detectives offered inappropriate expert opinions, and claimed that direct appeal counsel was ineffective. Even assuming that trial counsel's performance was deficient, Smith failed to demonstrate prejudice, i.e., that the result of the first postconviction proceeding would have been different had these claims been litigated. Apart from the aforementioned testimony, there was substantial evidence of Smith's guilt. *See Smith*, Docket No. 50134, Order of Affirmance at 8-9. The victim's girlfriend testified that Smith approached the victim outside her car, she heard Smith's compatriot goad Smith to shoot the victim, heard gunshots, and saw Smith smiling and holding a weapon. The victim had been shot several times, including the fatal shot to his back, and collapsed after running a short distance from the scene. Physical evidence recovered from the scene supported the conclusion that only one weapon was discharged and no evidence suggests that the victim had a weapon. Smith's claims do not assail this core evidence supporting the conviction. Further, in light of this evidence, he did not

demonstrate that the result of the trial might have been different had he testified that he shot the victim in self-defense. Lastly, while Smith identifies arguments that appellate counsel declined to address, he does not provide cogent argument to support his assertion that those claims had a reasonable likelihood of success on appeal. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (contentions not supported by relevant authority and cogent argument need not be addressed by this court).

Smith also argues that the district court erred in adopting the State's proposed findings of facts and conclusions of law and order because the proposed order included findings and conclusions not made in the court's oral pronouncement. We discern no error. A district court's oral pronouncement is not final and can be modified before a written order is filed. *Miller v. Hayes*, 95 Nev. 927, 929, 604 P.2d 117, 118 (1979). If there are differences between the findings and conclusions issued during the hearing and those recorded in the order, the written order controls. *Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (explaining that oral pronouncements from the bench are ineffective and only a written judgment has legal effect). Therefore, differences between the oral findings and the written findings do not render the written order invalid, as only the written order has legal effect. *Id.* As the district court was required to address the procedural bars, *see State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) (explaining that application of procedural bars is mandatory), and its findings on the merits were consistent with procedural bar analysis, the proposed order was consistent with the findings made at the hearing. Moreover, the written order is sufficiently detailed so as to allow this court to review the bases of the district court's decision, and Smith has the

opportunity in this appeal to challenge any perceived factual or legal errors in the written order.

Having concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Douglas Smith, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Attorney General/Las Vegas
Eighth District Court Clerk