KEVIN ALLEN BIG POND, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 14576

January 3, 1985                692 P.2d 1288

*Aebi, FitzSimmons & Lambrose,* Carson City, and *Michael
Pescetta,* San Francisco, California, for Appellant.

· *Brian McKay,* Attorney General; *William A. Maddox,* District Attorney and *Noel S. Waters,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant Kevin Allen Big Pond was convicted by a jury of sexual assault. He appeals, citing numerous assignments of error including the trial court's admission of a statement taken in violation of his *Miranda* rights,[1] and the court's failure to grant a new trial after discovering that instances of bailiff misconduct and juror misconduct occurred during trial. Because we determine that an accumulation of error prevented appellant from receiving a fair trial, we reverse.

At trial, appellant admitted giving the victim a ride and drinking beer with her in his car, but denied any sexual contact. The prosecution offered evidence of a statement which appellant had earlier made to police in which he denied giving the victim a ride on the night in question. Our review of the record indicates that this statement was taken in violation of appellant's right to remain silent. *See* Miranda v. Arizona, 384 U.S. 436 (1966). Moreover, it was revealed after trial that there had been misconduct during trial by both a juror and the court bailiff. Two jurors recalled that a male juror made a statement during deliberations to the effect that the absence of semen on the body of a rape victim, as occurred in this case, was not uncommon and happened in over half of the cases. It was also discovered that the bailiff had engaged in a conversation with a juror about the *Miranda* decision during a trial lunch recess.

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

We have established certain considerations which are relevant to the decision of whether error is harmless or prejudicial. These include whether the issue of innocence or guilt is close, the quantity and character of the error, and the gravity of the crime charged. *See* Weakland v. State, 96 Nev. 699, 701, 615 P.2d 252, 254 (1980); Garner v. State, 78 Nev. 366, 375, 374 P.2d 525, 530 (1962).

In this case, appellant was charged with a serious felony. The evidence against him, although substantial enough to convict him in an otherwise fair trial, was not overwhelming. We cannot say without reservation that the verdict would have been the same in the absence of error. The nature of the errors, while not in themselves particularly egregious, together had the effect of unfairly undermining appellant's credibility and defense in a rather close case. The cumulative effect of the errors was to deny appellant his right to a fair trial. Accordingly, we conclude that the judgment of conviction must be reversed.