An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

## IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM REDMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 58547

**FILED**

MAR 21 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a bench trial, finding appellant guilty of first degree murder, but mentally ill. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant William Redman ("Redman") stabbed and killed his twelve-year old daughter, G.R., in his family's mobile home in Las Vegas. When Redman's wife, Rosemary, returned home, Redman insisted G.R. needed to remain dead for three days, and then Rosemary could "wake her." Redman believed he needed to kill his daughter and himself to stop Armageddon. Redman asserted a defense of Not Guilty by Reason of Insanity (NGRI) pursuant to NRS 174.035(5), but after a nine-day bench trial, the district court determined Redman did not meet the requirements for an NGRI verdict and convicted him of first-degree murder, but mentally ill, pursuant to NRS 175.533.

Redman appeals his conviction of guilty but mentally ill, making seven arguments: (1) insufficient evidence supported his conviction for first-degree murder; (2) the district court erred by considering first-degree felony murder based on child abuse; (3) Nevada's formulation of the insanity defense at NRS 174.035(5) violates the Equal Protection Clause of the United States and Nevada Constitutions, and the district court improperly included an instruction with language

13-08491

extraneous to this statute; (4) the district court erred in giving a <u>Byford</u> instruction and in refusing to give a <u>Sanborn</u> instruction based on the State's failure to preserve a cell phone belonging to the victim; (5) the district court erred in considering instructions stating that voluntary intoxication cannot be the sole cause of a "disease or defect of the mind" for the purposes of an insanity defense; (6) the district court abused its discretion in allowing one of the State's experts to testify; and (7) cumulative error warrants reversal. The parties are familiar with the facts of this case and we do not recount them further except as necessary for our disposition.

<u>Sufficient evidence supports Redman's conviction for first-degree murder</u>

Redman argues that the State failed to prove every element of first-degree murder beyond a reasonable doubt. We disagree. The State proffered two alternative theories of guilt in its criminal information alleging first degree murder: premeditation or murder by child abuse. Sufficient evidence existed to convict Redman under the murder by child abuse theory. <u>See</u> NRS 200.030(1)(b) ("[m]urder of the first degree is murder which is . . . committed in the perpetration . . . of . . . child abuse"), NRS 200.030(6)(b) ("'child abuse' means physical injury of a nonaccidental nature to a child under the age of 18 years"). Child abuse is a general intent crime. <u>Rice v. State</u>, 113 Nev. 1300, 1306-07, 949 P.2d 262, 266 (1997), <u>abrogated on other grounds by</u> <u>Rosas v. State</u>, 122 Nev. 1258, 1265 n.10, 147 P.3d 1101, 1106 n.10 (2006).

We evaluate this claim by viewing the evidence in the light most favorable to the prosecution and asking whether any rational trier of fact could find the essential elements of the crime were met beyond a reasonable doubt. <u>Vega v. State</u>, 126 Nev. ___, ___, 236 P.3d 632, 639 (2010). It is the function of the fact-finder, not the appellate court, to

weigh evidence and consider witness credibility. <u>Walker v. State</u>, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975). When substantial evidence supports the verdict, this court will not disturb it on appeal. <u>Id.</u>

Redman repeatedly admitted he was the one who killed 12-year-old G.R., as God had instructed him. The physical evidence substantially supports that Redman injured G.R. in a non-accidental manner, as she suffered a large number of knife wounds around her neck, chin, ear, hands, fingers, and arms, including a seven-inch long, three-inch deep wound to the right side of her neck that caused fatal hemorrhaging. These facts, plus the substantial amount of blood all over the trailer, substantially support that Redman intentionally inflicted physical injury on a child under 18 years of age in conformance with NRS 200.030. Thus, the prosecution proved all essential elements of that crime beyond a reasonable doubt.[1]

Because there is sufficient evidence to support the murder by child abuse theory, we do not need to address whether sufficient evidence existed to support Redman's conviction under a willful, deliberate, and premeditated theory. <u>See</u> <u>Gordon v. State</u>, 121 Nev. 504, 507, 117 P.3d 214, 216 (2005) (explaining that general verdict may be upheld as long as one of multiple legally sufficient theories is proved by sufficient evidence).[2]

---

[1]Redman argues that <u>Nay v. State</u>, 123 Nev. 326, 167 P.3d 430 (2007), applies to this case. We disagree. In that case, the defendant robbed the victim after killing him, and we held that the afterthought robbery could not serve as the predicate for felony-murder purposes. <u>Id.</u> at 333, 167 P.3d at 435. In this case, the child abuse was not an afterthought of the murder, and therefore <u>Nay</u> does not apply.

[2]Redman contends that the court erred in denying his pretrial motion to strike the murder by child abuse theory. As discussed, because
*continued on next page...*

<u>NRS 174.035 does not offend equal protection</u>

Redman also argues that NRS 174.035 violates equal protection. Because the insanity defense is only available to persons whose delusions are legally justified, and not those with moral justification delusions (like Redman), it infringes on a fundamental right. NRS 174.035(5)(a)(2) permits use of the insanity defense by persons who do not "appreciate that his or her conduct was wrong, meaning not authorized by law." We conclude that this definition does not offend equal protection because our decision in <u>Finger v. State</u> only requires that the defense is not abolished or "defined in such a way that undermines a fundamental principle of our system of justice." 117 Nev. 548, 575, 27 P.3d 66, 84 (2001); <u>see</u> <u>M'Naghten's Case</u>, 8 Eng. Rep. 718, 723 (1843) (the accused "is nevertheless punishable according to the nature of the crime committed, if he knew at the time of committing such crime that he was acting contrary to law").[3]

---

*...continued*
Redman physically injured a child under age 18 in a nonaccidental way that led to the child's death, his actions fit squarely within the plain language of NRS 200.030(1)(b) and (6)(b). Thus, we conclude that the district court properly considered and instructed itself on the murder by child abuse theory. <u>See</u> <u>Cortinas v. State</u>, 124 Nev. 1013, 1019, 195 P.3d 315, 319 (2008) (the district court has broad discretion to approve or reject instructions, so long as they set forth correct statements of law).

[3]Redman also argues that the district court should not have included language from <u>Finger</u> in Instruction 16 that stated, "If a defendant was suffering from a delusional state and if the facts as he believed them, while in that delusional state, would have justified his action, he is insane and entitled to an acquittal. If, however, the delusional facts would not amount to a legal defense, then he is not insane." We conclude the district court did not err by including this language because it is consistent with <u>Finger</u> and <u>M'Naghten</u> in explaining the second aspect of the <u>M'Naghten</u>

*continued on next page...*

<u>The district court did not err in reviewing, approving, or declining its instructions</u>

Redman next argues that the instructions used by the district court regarding <u>Byford</u> were objectionable. We disagree, as the instruction was an accurate statement of Nevada law. <u>See</u> <u>Cortinas</u>, 124 Nev. at 1019, 195 P.3d at 319 (district courts have broad discretion to settle jury instructions, and this court reviews whether a particular instruction is a correct statement of law de novo).[4]

Redman also argues the district court should have issued a <u>Sanborn</u> jury instruction relating to the destruction or loss of G.R.'s cell phone, which allegedly contained messages detailing her father's behavior in the weeks leading up to her death. <u>See</u> <u>Sanborn v. State</u>, 107 Nev. 399, 408, 812 P.2d 1279, 1286 (1991) (providing for an adverse jury instruction when the state loses or destroys evidence). However, any of the alleged information on the cell phone would have been cumulative, since Redman's younger son testified regarding his father's behavior in the weeks prior to G.R.'s death.

---

*...continued*

standard. <u>See</u> <u>Finger</u>, 117 Nev. at 576, 27 P.3d at 84-85; <u>M'Naghten</u>, 8 Eng. Rep. at 723.

[4]Redman also argues that the voluntary intoxication instruction violates equal protection and due process, but he fails to provide sufficient analysis on either point. Therefore, we decline to consider these arguments on appeal. <u>See</u> <u>Edwards v. Emperor's Garden Rest.</u>, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that this court need not consider arguments not cogently made or supported by citations to authority).

 

<u>The district court did not abuse its discretion by allowing the State's expert to testify regarding the amount of marijuana in Redman's blood</u>

Redman next argues that the State's notice regarding Forensic Scientist Michael Stypa did not disclose that he would testify as an expert regarding the level of marijuana in Redman's blood, and that such testimony was outside the scope of his expertise. We review a district court's decision whether to allow an unendorsed witness to testify for abuse of discretion. <u>Mitchell v. State</u>, 124 Nev. 807, 819, 192 P.3d 721, 729 (2008). Although the State's disclosure of Stypa's expert testimony was defective under NRS 174.234(2) because it was provided only 11 days before trial, Redman did not request a continuance, nor does he argue the State acted in bad faith in allowing Stypa to testify. <u>See</u> <u>Grey v. State</u>, 124 Nev. 110, 120, 178 P.3d 154, 161 (2008) (alleged defects with expert witness disclosure did not amount to reversible error when defense counsel failed to request a continuance). The district court also did not abuse its discretion in allowing Stypa to testify about Redman's marijuana levels in relation to the other tests Stypa previously performed. <u>See</u> <u>Cramer v. DMV</u>, 126 Nev. ___, ___, 240 P.3d 8, 12 (2010) (the district court has wide discretion to determine the admissibility of expert testimony).[5]

_____

[5]Redman also argues cumulative error deprived him of a fair trial. However, we conclude there is no cumulative error here warranting reversal. <u>See</u> <u>Big Pond v. State</u>, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985) (factors for determining whether cumulative error warrants reversal include whether the issue of innocence or guilt is close, the quantity and character of the error, and the gravity of the crime charged).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[6]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

---

[6]We have considered Redman's other arguments and conclude they are without merit.

cc: Hon. Elissa F. Cadish, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk