An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ALFRED P. CENTOFANTI, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 58562



FILED

JUN 03 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____ DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

After conducting an evidentiary hearing, the district court denied appellant's February 29, 2008, petition. On appeal from the denial of that petition, appellant first argues that he received ineffective assistance of counsel from Daniel Albregts (pretrial counsel); from Allen Bloom (pretrial and trial counsel) because Bloom did not present a diminished-capacity defense at trial; and from Carmine Colucci (post-verdict trial, appellate, and post-conviction counsel through denial of the petition) because Colucci suffered from an actual conflict of interest. Appellant waived his claims of ineffective assistance of Albregts at his evidentiary hearing, and the remaining claims were not raised below. Accordingly, we decline to address them in the first instance on appeal. Davis v. State, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), overruled on other grounds by Means v. State, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004); see also Barnhart v. State, 122 Nev. 301, 303-04, 130 P.3d 650, 651-52 (2006) (setting forth the procedures by which a petitioner may expand from issues previously pleaded).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-16213

Appellant also argues that the district court erred in denying his other claims of ineffective assistance of Bloom, who was defense counsel at trial. To prove ineffective assistance of counsel, a petitioner must demonstrate (a) that counsel's performance was deficient in that it fell below an objective standard of reasonableness and (b) resulting prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown, Strickland, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means, 120 Nev. at 1012, 103 P.3d at 33. We give deference to the district court's factual findings regarding ineffective assistance of counsel but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that counsel was ineffective for failing to investigate the victim's cosmetic surgery records. Appellant failed to demonstrate prejudice. Counsel testified that appellant had insisted on testifying to the surgeon's alleged comments at trial, and appellant testified that at the time of trial, he believed that the surgeon had in fact told him that the victim had nasal damage due to drug use. Appellant failed to demonstrate by a preponderance of the evidence that he would not have testified to his knowledge of the victim's drug-related nasal damage had he known the surgeon's notes did not reflect it. We therefore conclude that the district court did not err in denying this claim.

Second, appellant argues that counsel was ineffective for failing to interview and secure early in the case the favorable testimony of

his coworkers, who, because of media coverage and the inflammatory actions of the victim's supporters, ceased contact with him upon his release from jail. Appellant failed to demonstrate deficiency or prejudice. Appellant failed to present any evidence to support his claims that his coworkers would have provided information favorable to the defense. Further, Bloom did not appear in the case until nine months after appellant was released on bond, well after the coworkers ceased contact. We therefore conclude that the district court did not err in denying this claim.

Third, appellant argues that counsel was ineffective for referring in opening statements to the expected testimony of three witnesses whom he failed to subpoena and/or call to testify. Appellant failed to demonstrate prejudice. Counsel's opening statements are not evidence on which the jury may base its verdict, Rodriguez v. State, 128 Nev. ___, ___ n.3, 273 P.3d 845, 848 n.3 (2012), and thus could not have affected the outcome at trial. Moreover, appellant failed to present evidence as to what E. Eisenmann and L. DeMeo would have testified to or how it would have affected the outcome at trial. Finally, the testimony that appellant claims Lt. Franks[1] could have offered was introduced through other expert witnesses. We therefore conclude that the district court did not err in denying this claim.

---

[1]Appellant also claimed that the district court erred in not considering that appellant's decision to testify was informed by his belief that Franks would testify as counsel had represented in opening statements. This argument was not raised below, and we decline to address it in the first instance on appeal. Davis, 107 Nev. at 606, 817 P.2d at 1173.

Fourth, appellant argues that counsel was ineffective for failing to file a pretrial motion in limine to preclude the State from using the terms "murder," "victim," "crime scene," "assassination," and "mafia hit man" during trial. Appellant failed to demonstrate deficiency or prejudice. As to the first three terms, appellant's claim on appeal is contradicted by his claim below where he argued only that counsel was ineffective for not enforcing the motion that was filed and granted. See id. Further, because the law of this case is that appellant failed to demonstrate that the State engaged in "substantial and prejudicial misconduct" by the use of those words, Centofanti v. State, Docket No. 44984 (Order of Affirmance, December 27, 2006); see Hall v. State, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975), appellant failed to demonstrate a reasonable probability of a different outcome had the State not used them. As to "assassination" and "mafia hit man," appellant failed to demonstrate that counsel should or could have anticipated the use of such words and thus failed to demonstrate that counsel was unreasonable in not including them in his motion. We therefore conclude that the district court did not err in denying this claim.

Fifth, appellant argues that counsel was ineffective because he filed a motion to dismiss that argued the wrong legal standard and then failed to obtain a pretrial ruling on the motion. Appellant failed to demonstrate deficiency or prejudice. Appellant failed to demonstrate that counsel was objectively unreasonable for arguing that the State failed to preserve the evidence rather than that it failed to collect evidence where the State photographed, collected, then released to the victim's relatives her purse, keys, Palm Pilot, and cell phone. Further, appellant failed to demonstrate a reasonable probability of a different outcome had counsel argued the allegedly correct standard where appellant presented no

evidence of gross negligence or bad faith and questioned the State's failure to collect evidence on cross-examination of key witnesses. See Gordon v. State, 121 Nev. 504, 509-10, 117 P.3d 214, 218 (2005). Finally, appellant failed to demonstrate that it was unreasonable for counsel to wait until the State sought to introduce the evidence before seeking a ruling on the motion or that an earlier ruling would have resulted in a different outcome. We therefore conclude that the district court did not err in denying these claims.

Sixth, appellant argues that counsel was ineffective for failing to file a pretrial motion regarding the State's failure to collect blood spatter evidence on an exercise bike or to have an expert examine it. Appellant failed to demonstrate deficiency or prejudice. Appellant made no cogent argument in support of his assertion that counsel was objectively unreasonable in not filing such a pretrial motion nor that such a motion would have been successful. Cf. Kirksey v. State, 112 Nev. 980, 990, 923 P.2d 1102, 1109 (1996) (holding that petitioner did not demonstrate prejudice where he failed to demonstrate that a motion to suppress evidence would have succeeded); see also Maresca v. State, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). A defense expert did examine photographs of the spatter on the bike, and appellant did not demonstrate that the spatter was still on the bike when Bloom was retained. Further, appellant presented no evidence of gross negligence or bad faith, and counsel did question the failure to collect the bike on cross-examination of key witnesses. See Gordon, 121 Nev. at 509-10, 117 P.3d at 218. We therefore conclude that the district court did not err in denying these claims.

Seventh, appellant argues that counsel was ineffective for failing to properly investigate, document, or process shell casings that appellant found three to four months after the shooting. Appellant failed to demonstrate deficiency or prejudice. Appellant did not retain Bloom until several months after he found the casings and had already notified his prior counsel. Appellant made no cogent argument as to how counsel could be deficient for not acting on behalf of a stranger. Maresca, 103 Nev. at 673, 748 P.2d at 6. Further, the jury heard evidence from the defense ballistics expert as to how and where appellant found the casings and how it informed the expert's opinion. We therefore conclude that the district court did not err in denying this claim.

Eighth, appellant argues that counsel was ineffective for failing to prevent the trial court's canvass of appellant regarding his agreement to a defense theory of self-defense. Appellant failed to demonstrate deficiency or prejudice. The district court asked only whether appellant agreed with counsel's tactic of admitting that appellant was the shooter, and appellant acknowledged that counsel objected to the canvass. There was never any question but that appellant was the shooter, and even assuming that the canvass procedure were improper, appellant failed to demonstrate that counsel was objectively unreasonable in not taking further action to prevent the canvass. Further, appellant's admission neither locked him into a self-defense theory at trial nor foreclosed a mens rea defense since the canvass was not admitted into evidence and the State's opening statements focused on its theory of the case and not on appellant's anticipated self-defense theory. We therefore conclude that the district court did not err in denying this claim.

Ninth, appellant argues that counsel was ineffective in failing to file a petition for a writ of mandamus in this court to challenge the

disqualification of Albregts as trial counsel, resulting in the violation of appellant's right to counsel of his choice. Appellant failed to demonstrate deficiency or prejudice. Appellant did not provide this court with any of the pleadings that led to Albregts' disqualification and thus did not demonstrate that counsel was deficient in not challenging the district court's ruling or that there was a reasonable probability of success had he done so. Cf. Kirksey, 112 Nev. at 990, 923 P.2d at 1109. Further, appellant did not demonstrate by a preponderance of the evidence that Albregts was his counsel of choice. Counsel testified that appellant specifically said he did not want Albregts to represent him and, although appellant denied making that statement, he did admit that he never specifically requested to have Albregts reinstated. We therefore conclude that the district court did not err in denying this claim.

Tenth, appellant argues that counsel was ineffective for failing to object to prosecutorial misconduct, create a record at the close of trial when the State had not called Albregts as a witness, and seek to have Albregts reinstated. Appellant failed to demonstrate deficiency or prejudice. Because appellant did not provide this court with any of the pleadings that led to Albregts' disqualification, he did not demonstrate by a preponderance of the evidence that the prosecutor engaged in misconduct and thus that counsel was deficient in not objecting to it. Further, appellant does not specify how or why counsel could have created a better record or how creating a better record or having Albregts reinstated after the close of evidence would have changed the outcome of trial. We therefore conclude that the district court did not err in denying these claims.

Eleventh, appellant argues that counsel was ineffective for failing to obtain a ruling on his motion in limine to exclude from trial any

evidence from the sale of appellant's California property and that had counsel done so, Albregts would not have been disqualified. Appellant failed to demonstrate deficiency or prejudice. He presented no evidence that such a motion had been filed or what it contained, nor did he present cogent argument as to whether the motion would have been successful. Id.; Maresca, 103 Nev. at 673, 748 P.2d at 6. Moreover, as Albregts had already been disqualified when Bloom appeared in the case, appellant failed to demonstrate that any inaction of counsel led to the disqualification. We therefore conclude that the district court did not err in denying this claim.

Twelfth, appellant argues that counsel was ineffective for failing to present evidence at trial to corroborate his version of the events of December 1, 2000, and December 5, 2000. Appellant failed to demonstrate deficiency or prejudice. Appellant did not produce the allegedly corroborating evidence and thus failed to demonstrate by a preponderance of the evidence that it supported his version of events. Further, the State did not challenge appellant's version of events that led up to the December 5 incident. We therefore conclude that the district court did not err in denying these claims.

Thirteenth, appellant argues that counsel was ineffective for choosing to present self-defense as appellant's primary defense. Appellant failed to demonstrate deficiency or prejudice. Counsel testified that he focused on self-defense because it was what appellant had said happened and counsel did not believe the evidence supported any lesser-included offenses. Appellant failed to demonstrate the "extraordinary circumstances" necessary to challenge this tactical decision. Doleman v. State, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996). Moreover, appellant presented no evidence at his evidentiary hearing that any other

defense would have been more viable. We therefore conclude that the district court did not err in denying this claim.

Fourteenth, appellant argues that counsel was ineffective for not determining what notes and pictures were given to the State in violation of the attorney-client privilege and then preventing the State from using them. Appellant failed to demonstrate deficiency or prejudice. Appellant presented no evidence to support his claim that counsel failed to determine what notes and pictures were turned over to the State. Further, counsel testified that the pictures had been provided to and used by a defense expert so that the State would have been provided the pictures as part of discovery regardless. Finally, appellant did not demonstrate by a preponderance of the evidence that the State used either the notes or pictures. We therefore conclude that the district court did not err in denying these claims.

Fifteenth, appellant argues that counsel was ineffective for calling Dr. Eisele as an expert at trial because his report contradicted the defense theory of the case. Appellant failed to demonstrate deficiency or prejudice. Appellant failed to provide Dr. Eisele's report and thus failed to demonstrate the facts underlying his claim by a preponderance of the evidence. Further, Dr. Eisele's trial testimony indicated only that his notes contained a 2001 comment that it would be difficult to present this case as the victim having attacked appellant but that, after reviewing all of the evidence, he had changed his mind. We therefore conclude that the district court did not err in denying this claim.

Sixteenth, appellant argues that counsel was ineffective for failing to determine the extent to which appellant was prejudiced by being coerced into signing an order to cremate the victim's body. Appellant failed to demonstrate deficiency or prejudice. Appellant did not state what

investigation counsel should have undertaken to determine the prejudice, what the results of that investigation would have been, or what counsel should have done with those results. Molina v. State, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Further, appellant did not demonstrate that he in any way waived his right to remain silent simply by signing the cremation order. We therefore conclude that the district court did not err in denying this claim.

Seventeenth, appellant argues that counsel was ineffective for failing to object to the testimony of Detective Thowsen on the grounds that it was a comment on appellant's post-arrest silence and because it was improperly withheld from discovery. Appellant failed to demonstrate deficiency or prejudice. The witness testified that when he arrived on the crime scene, he observed appellant in the back of a police car with his head turned towards and nodding at a man who the witness believed was appellant's counsel. Appellant claims that the discovery provided by the State did not include this observation and thus was a violation of Nevada's discovery statutes and Brady v. Maryland, 373 U.S. 83 (1963). Appellant cites to no authority to support his claim that the witness's observation amounted to an impermissible comment on post-arrest silence or that the State must document and turn over every observation or conversation it has with potential witnesses. Maresca, 103 Nev. at 673, 748 P.2d at 6. Further, appellant did not argue let alone demonstrate that the observation was favorable to him and thus did not demonstrate that his constitutional rights were violated. Brady, 373 U.S. at 87; Mazzan v. Warden, 116 Nev. 48, 66, 993 P.2d 25, 36 (2000). We therefore conclude that the district court did not err in denying these claims.

Eighteenth, appellant argues that counsel was ineffective for failing to object to the State's untimely disclosure of the transcripts of

 

previous interviews of F.S., S. Smith, and A. Atwood as violations of Nevada discovery statutes and Brady. Appellant failed to demonstrate deficiency or prejudice. Appellant's claim as to F.S. is belied by the record because counsel did object and the district court gave counsel additional time to review the transcripts before questioning the witness. Appellant failed to state what further objection would have achieved. As to the other two witnesses, appellant did not allege or demonstrate that counsel requested the transcripts so as to trigger statutory disclosure requirements. NRS 174.235(1). Further, appellant did not demonstrate a Brady violation. The State ultimately turned over the transcripts, and appellant neither alleged specific facts nor provided evidence that the transcripts contained information favorable to the defense. Brady, 373 U.S. at 87; Mazzan, 116 Nev. at 66, 993 P.2d at 36. We therefore conclude that the district court did not err in denying this claim.

Nineteenth, appellant argues that counsel was ineffective for failing to adequately cross-examine witnesses F.S. and S. Smith, including impeaching them with prior inconsistent statements, and for failing to object to improper comments. Appellant failed to demonstrate deficiency or prejudice. Appellant's claim is belied by the record to the extent counsel cross-examined F.S. about prior inconsistent statements regarding a gun and his initial failure to relate that he heard appellant threaten to kill the victim. Appellant failed to identify any other inconsistent statements for either witness, present any evidence indicating that counsel's cross-examination was objectively unreasonable, or identify the improper comments to which counsel should have objected. We therefore conclude that the district court did not err in denying these claims.

Twentieth, appellant argues that counsel was ineffective for failing to request an evidentiary hearing to determine whether the

testimony of A. Atwood was more prejudicial than probative. Appellant failed to demonstrate deficiency or prejudice. Appellant made no cogent argument to support his claim that her testimony was more prejudicial than probative. Maresca, 103 Nev. at 673, 748 P.2d at 6. We therefore conclude that the district court did not err in denying this claim.

Twenty-first, appellant argues that counsel was ineffective for failing to impeach T. Miller with previous testimony and/or statements and for failing to move for a full evidentiary hearing on her alleged misconduct. Appellant failed to demonstrate deficiency or prejudice. Appellant did not identify any previous testimony or statements with which counsel should have impeached the witness. Further, the trial court held a hearing outside the presence of the jury to address the witness's actions and determined that appellant's offer of proof did not indicate misconduct. Appellant did not state what additional information would have been brought forth in a "full evidentiary hearing" or how it would have affected either the district court's ruling or the outcome of trial. We therefore conclude that the district court did not err in denying these claims.

Twenty-second, appellant argues that counsel was ineffective for failing to contemporaneously object to the admission of the many hearsay statements made by the victim, thereby failing to preserve them for appeal. Appellant failed to demonstrate deficiency or prejudice. Appellant acknowledged that counsel filed a pretrial motion to preclude such hearsay, and the record reflects that the district court allowed its admission for limited purposes. Contemporaneous objections are not necessary to preserve an issue for appeal where, as here, there is no allegation that the issue was inadequately briefed or that the district court's pretrial ruling was not definitive. Richmond v. State, 118 Nev.

SUPREME COURT
OF
NEVADA

(O) 1947A

924, 932, 59 P.3d 1249, 1254 (2002). We therefore conclude that the district court did not err in denying this claim.

Twenty-third, appellant argues that counsel was ineffective for failing to object to Sgt. Winslow's testimony regarding his observations of the events surrounding December 5, 2000, when the district court had ruled that such evidence was inadmissible. Appellant failed to demonstrate deficiency or prejudice. Appellant admitted below that the district court had specifically allowed the witness's observations. To the extent appellant's claim is in reference to the witness's conclusions and conversation with the victim, the district court initially excluded them but later ruled they were admissible, a ruling to which counsel stated a continuing objection. See id. We therefore conclude that the district court did not err in denying this claim.

Twenty-fourth, appellant argues that counsel was ineffective for failing to file a motion in limine to preclude the admission of evidence regarding a call appellant placed to a counseling hotline, for not objecting to the information as privileged, and for not preparing to cross-examine the therapist. Appellant failed to demonstrate deficiency or prejudice. Counsel objected to the therapist's testimony as privileged and, after a mid-trial hearing, the district court largely overruled the objection. Appellant did not demonstrate how a motion in limine would have changed the outcome of the ruling or of trial. Further, appellant did not state what else counsel could have done to cross-examine the therapist or how it would have affected the outcome at trial. We therefore conclude that the district court did not err in denying these claims.

Twenty-fifth, appellant argues that counsel was ineffective for failing to object to a juror wearing an inappropriate shirt and to two jurors who slept intermittently throughout trial. Appellant failed to demonstrate

deficiency or prejudice. Counsel testified that he did not observe the shirt or the sleeping jurors, and appellant failed to demonstrate that counsel's failure to observe the alleged misconduct was itself unreasonable. Notably, appellant did not allege that he himself had observed the alleged misconduct. We therefore conclude that the district court did not err in denying this claim.

Twenty-sixth, appellant argues that counsel was ineffective for failing to seek to enforce a pretrial ruling excluding from trial evidence of appellant's alleged smear campaign against the victim. Appellant failed to demonstrate deficiency or prejudice. Appellant provided neither an order nor a transcript of the oral ruling evidencing the trial court's exclusion of any such reference. The district court minutes indicate only that the court did not "believe" the evidence would come in during the State's case-in-chief but rather that it could come in during cross-examination if appellant testified. Even if this oral pronouncement were in fact an order excluding the reference, appellant testified, so the evidence would have come in on cross-examination, and appellant therefore failed to demonstrate a reasonable probability of a different outcome had counsel objected during the State's opening arguments or case-in-chief. We therefore conclude that the district court did not err in denying this claim.

Twenty-seventh, appellant argues that counsel was ineffective for failing to challenge as a prior bad act the admissibility of appellant's employment records and his termination from employment for allegedly violating his employer's firearms policy. Appellant failed to demonstrate deficiency or prejudice. Appellant provided no cogent argument nor evidence that the challenged evidence constituted prior bad acts that could only be admitted after a hearing pursuant to Petrocelli v. State, 101 Nev.

46, 51-52, 692, P.2d 503, 507-08 (1985) (requiring a hearing before introducing evidence of collateral offenses). Maresca, 103 Nev. at 673, 748 P.2d at 6. Further, the record demonstrates that counsel successfully objected to the State's attempt to elicit the grounds for appellant's termination. We therefore conclude that the district court did not err in denying this claim.

Twenty-eighth, appellant argues that counsel was ineffective for failing to secure the attendance at trial of several potential witnesses for the defense, including R. Dominguez's grandmother; M. Stephenson; appellant's neighbor, Herb; Dr. Calixco; Nurse Kruger; and A. Pearson. Appellant failed to demonstrate deficiency or prejudice. Appellant did not present any evidence that any of the witnesses were available for trial or would have provided testimony favorable to the defense. We therefore conclude that the district court did not err in denying this claim.

Twenty-ninth, appellant argues that counsel was ineffective for not effectively using the victim's criminal history to demonstrate her propensity for violence. Appellant failed to demonstrate deficiency or prejudice. Appellant did not provide this court with a copy of the victim's criminal records and presented no evidence beyond what was testified to at trial to support his claims that they demonstrated a propensity for violence. We therefore conclude that the district court did not err in denying this claim.

Thirtieth, appellant argues that counsel was ineffective for not following up on his challenge to the validity of the search warrant. Appellant failed to demonstrate deficiency or prejudice. Appellant failed to present any evidence to support his claim that the search warrant was invalid and thus that counsel was ineffective in failing to pursue a

challenge to it. We therefore conclude that the district court did not err in denying this claim.

Thirty-first, appellant argues that counsel was ineffective for failing to use for the benefit of his criminal defense the discovery provisions from the guardianship proceedings for his and the victim's son. Appellant failed to demonstrate deficiency or prejudice. Appellant presented no evidence to demonstrate what the results of using the family-court discovery provisions would have been. Cf. Molina v. State, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004) (upholding the denial of an ineffective-assistance-of-counsel claim because appellant did not demonstrate what a more thorough investigation would have revealed). Further, appellant presented no evidence to support his claim that the file of his son's guardian ad litem contained information favorable to appellant's criminal defense. We therefore conclude that the district court did not err in denying this claim.

Thirty-second, appellant argues that counsel was ineffective for failing to be available during the seven-day post-trial period during which a motion for new trial could have been filed. Appellant failed to demonstrate deficiency or prejudice. Appellant admitted that he and counsel discussed his options immediately after the verdict was returned and before counsel left for vacation. Further, although appellant faults counsel for not filing a motion for new trial based on juror misconduct, he presented no evidence that counsel was made aware of or could have reasonably discovered the alleged misconduct within the seven-day period had counsel made himself available. We therefore conclude that the district court did not err in denying this claim.

Finally, appellant claims that the cumulative effect of the errors violated his constitutional rights. Appellant cited this court's

standard on direct review for cumulative-error analysis, see Big Pond v. State, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985), but provided no analysis to support his claim. We therefore conclude that the district court did not err in denying this claim.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Elissa F. Cadish, District Judge
       Nguyen & Lay
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]The district court dismissed appellant's first five grounds in his petition as procedurally barred pursuant to NRS 34.810(1)(b) because they could have been raised on direct appeal. Appellant does not challenge this ruling on appeal and has thus abandoned the claims.

Appellant correctly states that the district court erred in not making specific findings of fact to support its summary conclusion that appellant failed to demonstrate prejudice for thirty-two claims. See NRS 34.830(1). We nevertheless affirm the district court's decision for the reasons discussed herein.