An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD WHEELER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60661



FILED

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault of a child under 14 years of age and lewdness with a child under 14 years of age. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.[1]

First, appellant Ronald Wheeler argues that the district court erred when it excluded evidence offered to demonstrate the victim's bias and motive for lying. Wheeler alleges three instances where testimony was excluded in error: (1) testimony by the victim that she told the detective she had not yet been sexually active, (2) testimony by Wheeler that he discovered the victim was disseminating sexual photographs and offering sexual favors to unknown men through various Internet sites and punished her for this behavior, and (3) testimony by Wheeler that he had confiscated a vibrator that had been in the victim's possession. Wheeler contends that without the excluded testimony, he was unable to demonstrate the victim's motivation to get even with him for disciplining

_____

[1]The Honorable Norman C. Robison, Senior Judge, presided at trial.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27675

her and consequently was unable to present his complete defense in violation of his constitutional rights. We review a district court's decision to admit or exclude evidence for an abuse of discretion. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). A constitutional claim is reviewed for harmless error. *Chapman v. California*, 386 U.S. 18, 21-24 (1967).

To the extent that Wheeler sought to elicit testimony from the victim that she told the detective she had not yet been sexually active, we conclude that the district court did not abuse its discretion in excluding this evidence pursuant to NRS 50.090 ("[T]he accused may not present evidence of any previous sexual conduct of the victim of the crime to challenge the victim's credibility as a witness unless the prosecutor has presented evidence or the victim has testified concerning such conduct, or the absence of such conduct. . . .").[2] As to Wheeler's testimony that he found out the victim was disseminating sexual photographs and offering sexual favors on the Internet and consequently disciplined her, the district court balanced the rationale of NRS 50.090 with Wheeler's presentation of a motive to lie and allowed Wheeler to testify that he learned things through the Internet that caused him to discipline the victim and to testify about the disciplinary measure he implemented. We discern no abuse of discretion or error in the district court's ruling. With regard to Wheeler's testimony that he confiscated a vibrator from the victim, the district

---

[2]We are unconvinced by Wheeler's contention that this testimony would tend to prove bias or motive to lie on the part of the victim; the proffered testimony appears to be the type of evidence prohibited by NRS 50.090.

court's exclusion of this evidence was not an abuse of discretion or in error as evidence of the victim's previous sexual conduct is prohibited by NRS 50.090 and the evidence was of marginal relevance in demonstrating bias or a motive to lie but was meant to humiliate the victim. *See Bushnell v. State*, 95 Nev. 570, 573, 599 P.2d 1038, 1040 (1979) (recognizing that inquiry into a witness's possible bias or motive to testify could be restricted when the inquiry was "repetitive, irrelevant, vague, speculative, or designed merely to harass, annoy or humiliate the witness").

Second, Wheeler claims that the district court erred by allowing Dr. Lippert to testify against him without re-examining his motion for an independent psychological evaluation of the victim and that the State's use of two expert witnesses only exacerbated his need for an independent expert. The decision to grant or deny a defendant's request for a psychological examination of a child victim is reviewed for an abuse of discretion. *Abbott v. State*, 122 Nev. 715, 723, 138 P.3d 462, 467-68 (2006) (listing the factors a district court must consider in determining whether to order a psychological examination). Wheeler further contends that he was prejudiced by the use of Dr. Lippert because the State failed to properly disclose her use pursuant to NRS 174.234(2) and he had no time to seek an expert to rebut her testimony. We review a district court's decision to allow an unendorsed witness to testify for an abuse of discretion. *Mitchell v. State*, 124 Nev. 807, 819, 192 P.3d 721, 729 (2008).

After hearing argument regarding Wheeler's motion for an independent psychological evaluation, the district court ordered that the child-victim undergo an independent psychological evaluation at the court's expense out of an abundance of caution. Dr. Lippert was appointed to conduct the evaluation, and her report was received by both parties and

the district court prior to trial. While Wheeler had initially noticed use of Dr. Lippert as an expert, she was omitted on a third amended notice of witnesses. The State filed a notice of intent to use Dr. Lippert as an expert witness the day prior to the start of trial.

We conclude that the district court did not abuse its discretion in allowing Dr. Lippert to testify as an expert witness despite the late notice as Wheeler did not allege that the State acted in bad faith, and none is discernible from the record, and as Wheeler has failed to demonstrate any prejudice affecting his substantial rights. *See id.* With regard to Wheeler's claim for an independent evaluation, we discern no abuse of discretion by the district court in allowing an independent psychological evaluation to be conducted on the child-victim and in permitting either side to utilize the findings of the evaluation. As to Wheeler's contention that the State presented two expert witnesses, the record reveals that Detective McKinney's testimony was a recitation of the facts of the interview; therefore, he was not acting as an expert witness for the State. *See Abbott*, 122 Nev. at 728, 138 P.3d at 471 (holding that "[a] witness is acting as an expert witness. . .when he does more than merely relate the facts and instead analyzes the facts and/or states whether there was evidence that the victim was coached or biased against the defendant").

Third, Wheeler claims that the district court erred when it allowed the prosecutor on cross-examination to goad him into accusing other witnesses, specifically the victim and her mother, of lying. We have held that prosecutors are prohibited "from goading a defendant to accuse other witnesses of lying, except where the defendant during direct examination has directly challenged the truthfulness of those witnesses."

*Daniel v. State*, 119 Nev. 498, 519, 78 P.3d 890, 904 (2003). As appellant failed to object to the alleged prosecutorial misconduct, we review for plain error. *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008).

Wheeler elicited testimony from multiple witnesses, including the victim, that the victim was a liar. During direct examination, Wheeler testified that the victim was sneaky, that she lied and cheated. Additionally, when asked on cross-examination what problems the victim's mother had, Wheeler testified that the mother had a problem of lying. Wheeler argues that he merely testified generally to the victim's and mother's character for untruthfulness and that he did not directly challenge their testimony, therefore the *Daniel* exception should not apply. We are not convinced by this argument and are unwilling to draw such a distinction. Accordingly, we conclude that the prosecutor's questioning of Wheeler on cross-examination did not constitute plain error as Wheeler classified the victim and her mother as liars.[3]

Fourth, Wheeler argues that the following six instances of alleged plain error amount to reversible, cumulative error: (1) Detective McKinney's testimony regarding his interviews with the victim; (2) the admission of testimony concerning Wheeler's suicide note; (3) the victim's mother's testimony that she spoke with Wheeler while he was in jail; (4) testimony that the victim's mother disclosed that Wheeler had told her about the incidents with the victim and had asked for 24 hours to make it

---

[3]To the extent that Wheeler argues that the prosecutor improperly commented on Wheeler's right to remain silent and stated his personal opinions on the credibility of witnesses, the record is devoid of any such showing.

right; (5) testimony regarding the victim's prior inconsistent statements; and (6) the prosecutor's questioning of Wheeler on cross-examination. Cumulative error results when an individual error, standing alone, does not warrant reversal, but the cumulative effect prevents the defendant from receiving a fair trial. *Big Pond v. State*, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985). "Relevant factors to consider in evaluating a claim of cumulative error are (1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 855 (2000). We conclude that any error in this case, considered either individually or cumulatively, does not warrant reversal.

Having considered Wheeler's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Hon. Nancy L. Porter, District Judge
      Hon. Norman C. Robison, Senior Judge
      Benjamin D. Cornell
      Attorney General/Carson City
      Elko County District Attorney
      Elko County Clerk