# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEHRU MITCHELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67107

FILED

MAR 17 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of battery with intent to commit robbery and one count of robbery. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Dehru Mitchell contends that the district court erred when it denied his motion for a new venire, in violation of the Sixth and Fourteenth Amendments to the United States Constitution. We review the district court's decision de novo. *Grey v. State*, 124 Nev. 110, 117, 178 P.3d 154, 159 (2008) ("This court applies a de novo standard of review to constitutional challenges."). A defendant has a constitutional right to "a venire selected from a fair cross section of the community." *Williams v. State*, 121 Nev. 934, 939, 125 P.3d 627, 631 (2005). The process for selecting venires "'must not systematically exclude distinctive groups in the community.'" *Id.* at 939-40, 125 P.3d at 631 (quoting *Evans v. State*, 112 Nev. 1172, 1186, 926 P.2d 265, 274 (1996)). However, there is no constitutional right to a venire that mirrors the composition of the

16-08583

community.[1] *Id.* at 939, 125 P.3d at 631. A defendant contesting the venire's composition bears the burden of proof and must show a prima facie violation of the fair-cross-section requirement by demonstrating

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Evans,* 112 Nev. at 1186, 926 P.2d at 275 (emphasis omitted) (quoting *Duren v. Missouri,* 439 U.S. 357, 364 (1979)). In objecting to the venire composition below, Mitchell failed to allege that any underrepresentation of African Americans was due to systematic exclusion in the jury-selection process, and he failed to present any evidence of systematic exclusion or to request an evidentiary hearing in order to inquire into the process. We therefore conclude that the district court did not err in denying his motion for a new venire.

Mitchell next contends that he is entitled to a new trial because the State introduced hearsay evidence. A responding police officer testified that as he was approaching the accident area, a man flagged the officer down to say that someone had just asked him for a ride

---

[1]For this reason, we deny Mitchell's request for a declaration that whenever a distinctive group is underrepresented in a venire, the trial court should immediately dismiss the venire and produce a new one "which statistically represents a reasonable cross-section of the community."

and tried to climb into his vehicle. Mitchell's claim fails for several reasons. First, Mitchell argues that the statements were offered in order to explain why officers approached him when he had not been seen leaving the accident. If Mitchell's argument is correct, then the statement was not hearsay since it was not offered for the truth of the matter asserted. *See* NRS 51.035. Second, insofar as Mitchell suggests some improper conduct on the part of the prosecutor, the testimony was an unsolicited statement made after the witness had answered the question posed by the prosecutor. Third, insofar as Mitchell suggests the trial court abused its discretion in admitting the evidence, we note that the district court sustained Mitchell's objection to the testimony. The jury had been instructed to disregard such evidence, and Mitchell offers no reason for this court to depart from its practice of presuming that the jury follows its instructions. *See Hymon v. State*, 121 Nev. 200, 211, 111 P.3d 1092, 1100 (2005).

Mitchell next contends that the jury was not properly instructed on the meaning of reasonable doubt. Because Mitchell failed to object below, we review his claim for plain error. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). The reasonable-doubt instruction was taken directly from NRS 175.211(1) and is the only instruction that the district court may give. NRS 175.211(2). Accordingly, Mitchell fails to demonstrate any error that is plain from a review of the record. *See Mendoza-Lobos v. State*, 125 Nev. 634, 644, 218 P.3d 501, 507 (2009) (explaining requirements to demonstrate plain error).

Mitchell next contends that he is entitled to a new trial because the prosecutor's use of the words "possible" and "probable" in

rebuttal argument confused the standard as to the State's burden of proof. As Mitchell did not object below, we review his claim for plain error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). At the end of his rebuttal, the prosecutor argued,

> And finally, down here, doubt to be reasonable must be actual, not mere possibility or speculation. So when [defense counsel] comes up and he argues and he says you got the wrong person. Okay. Is it possible, is it possible that this is the wrong person? Sure. Anything is possible. Right. It's possible that this building could just fall over right now. Right? It's possible that those things can happen. Is it probable that this wasn't him? No. Is it reasonable doubt? Absolutely not.

This argument is not error plain from the record. The prosecutor took "possibility" directly from the reasonable-doubt jury instruction and was arguing where the evidence showed that Mitchell fell on a continuum between possibly and beyond a reasonable doubt. Mitchell fails to explain how this was confusing. Even if this were error plain from the record, Mitchell could not demonstrate that it affected his substantial rights where the jury was properly instructed on reasonable doubt. *Cf. Randolph v. State*, 117 Nev. 970, 981, 36 P.3d 424, 431 (2001) ("We have nevertheless consistently deemed incorrect explanations of reasonable doubt to be harmless error as long as the jury instruction correctly defined reasonable doubt.").

Finally, Mitchell contends that he is entitled to a new trial because of the cumulative effect of the errors. *See Big Pond v. State*, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985) (setting out the cumulative-error

factors).  As Mitchell has failed to demonstrate any error, he has necessarily failed to demonstrate that the cumulative effect of errors entitles him to a new trial.  Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____ , J.
Hardesty

_____ , J.
Saitta

_____ , J.
Pickering

cc:   Hon. Michelle Leavitt, District Judge
      Christopher R. Oram
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk