IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE AVILA-GRANADOS, A/K/A JOSE AVILAGRANADOS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76412

FILED

JUL 2 4 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault. Eighth Judicial District Court, Clark County; Susan Johnson, Judge. Appellant Jose Avila-Granados raises four main contentions on appeal.

Avila-Granados first argues that the district court erred by allowing a detective's testimony regarding his experience with sexual assault victims—specifically, whether the victim's behavior after the assault here was surprising. Because "it is exclusively within the province of the trier of fact to weigh evidence and pass on the credibility of witnesses and their testimony," *Lay v. State*, 110 Nev. 1189, 1192, 886 P.2d 448, 450 (1994), a witness's opinion concerning another witness's veracity or a defendant's guilt is inadmissible, *DeChant v. State*, 116 Nev. 918, 924, 10 P.3d 108, 112 (2000) (lay witness opinion as to veracity); *Lickey v. State*, 108 Nev. 191, 196, 827 P.2d 824, 827 (1992) (expert witness opinion as to veracity); *Cordova v. State*, 116 Nev. 664, 669, 6 P.3d 481, 485 (2000) (stressing that a law enforcement witness cannot opine on the question of

guilt or innocence). Here, the detective neither opined specifically on the victim's veracity nor on Avila-Granados' guilt or innocence. Accordingly, we find no plain error warranting reversal on this issue. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (providing for plain-error review for unpreserved errors).

Second, Avila-Granados argues that the district court erred by refusing to give his proposed jury instruction on consent.[1] District courts have broad discretion to settle jury instructions and so we review for an abuse of that discretion or judicial error. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). The proffered instruction was consistent with the defense that the sexual penetration was consensual, was supported by Avila-Granados' testimony that the victim consented, reminded the jurors that they could not convict if proof of a specific element (consent) was lacking, and correctly stated the law. *Id.* at 751-54, 121 P.3d at 586-89 (providing that a defendant has the right, upon request, to an instruction reminding jurors that they may not convict if proof of a specific element is lacking and to have the jury instructed on the defense theory of the case if supporting evidence is proffered, so long as the proffered instructions are

---

[1]Avila-Granados proposed the following instruction based on *McNair v. State*, 108 Nev. 53, 56-57, 825 P.2d 571, 574 (1992):

> As to the issue of nonconsent, an essential element of sexual assault, encompasses two aspects: (1) whether the circumstances surrounding the incidents indicate that the victims had reasonably demonstrated their lack of consent and (2) whether it was reasonable from the point of view of the perpetrator to conclude that the victims had manifested consent.

not "misleading, inaccurate, or duplicitous"). Although the spirit of the proposed instruction could be inferred from the other consent-related jury instructions, it was distinguishable as it referred to nonconsent as an essential element of the State's case. *See id.* at 754, 121 P.3d at 588 (recognizing that a "district court may not refuse a proposed instruction on the ground that the legal principle it provides may be inferred from other instructions"). And any concern the district court had with the term "nonconsent" could have been remedied by rephrasing the instruction, which Avila-Granados offered to do. *See id.* at 754-55, 121 P.3d at 589 (stressing that even if a defendant's proposed jury instruction is poorly drafted, a district court must still ensure that the substance is provided to the jury). Accordingly, we conclude that the district court abused its discretion by refusing to give Avila-Granados' proposed instruction. But considering the other instructions addressing consent and credibility being the determinative factor in this case, we cannot say this error, standing alone, warrants reversal. *Id.* at 756, 121 P.3d at 590 (providing that an error in jury instructions does not warrant reversal if we are "convinced beyond a reasonable doubt that the jury's verdict was not attributable to the error and that the error was harmless under the facts and circumstances of th[e] case").

Third, Avila-Granados argues that the State committed prosecutorial misconduct during its closing argument. "When considering claims of prosecutorial misconduct, this court engages in a two-step analysis. First, we must determine whether the prosecutor's conduct was improper. Second, if the conduct was improper, we must determine whether the improper conduct warrants reversal." *Valdez*, 124 Nev. at 1188, 196

SUPREME COURT
OF
NEVADA

(O) 1947A

3

P.3d at 476. Avila-Granados contends that the State's use of the word "rape" was unduly inflammatory, especially after the district court sustained his objection and called the term a mischaracterization when the State used it while cross-examining him. We agree with Avila-Granados that the comments during closing argument were improper. *See id.* at 1191, 196 P.3d at 478 (concluding that the State's inaccurate description of an arrest was an improper attempt to inflame the jury); NRS 433.554(5)(a)(1), 433B.340(4)(a)(1), and 435.645(5)(a)(1) (differentiating between rape and sexual assault); *see also* Caroline Davidson, *Rape in Context: Lessons for the United States from the International Criminal Court*, 39 Cardozo L. Rev. 1191, 1238 n.25 (2018) (noting that the classic definition of rape is a man forcing sexual intercourse on a woman against her will). Although the district court admonished the jury to disregard the State's use of the term "rape," we have concerns about whether that removed the misconduct's effect on the jury considering the term's especially inflammatory nature. We nonetheless conclude that this error was harmless and alone does not warrant reversal because the district court sustained the defense objection, referred to the term as a mischaracterization, *and* admonished the jury. *See Valdez*, 124 Nev. at 1188-89, 196 P.3d at 476 (explaining that this court will not reverse a conviction based on prosecutorial misconduct if it was harmless error that did not substantially affect the jury's verdict); *see also Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006) (noting the general presumption that "juries follow district court orders and instructions").

Avila-Granados further argues that the State committed prosecutorial misconduct when it commented that he had no regard for

women or the community. We agree as this was an attempt to appeal to the jury's emotions and improperly relayed the prosecutor's personal opinion. *See Valdez*, 124 Nev. at 1192, 196 P.3d at 478 (reiterating that it is improper for a prosecutor to interject "his personal opinion or beliefs into the proceedings or attempt to inflame the jury's fears or passions in the pursuit of a conviction"); *Collier v. State*, 101 Nev. 473, 479, 705 P.2d 1126, 1129-30 (1985) (recognizing the impropriety of the State asking the jury to consider what the community "need[ed]" when deliberating), *modified, Howard v. State*, 106 Nev. 713, 800 P.2d 175 (1990). Given the fleeting nature of the comment, however, we find no plain error warranting reversal on this issue alone. *Valdez*, 124 Nev. at 1190, 196 P.3d at 477.

Fourth, Avila-Granados argues cumulative error warrants reversal. We agree. "When evaluating a claim of cumulative error, we consider the following factors: '(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged.'" *Valdez*, 124 Nev. at 1195, 196 P.3d at 481. The issue of guilt was close in this case: consent was the only contested issue and the evidence against Avila-Granados consisted primarily of the victim's testimony. The character of the errors is significant because they related to the key issue of consent. And a sexual assault charge is grave, carrying a mandatory ten-to-life prison sentence. *See* NRS 200.366(2)(b). Thus, we cannot say with confidence that the errors, taken together, did not substantially affect the jury's verdict.[2] *See Big Pond v. State*, 101 Nev. 1, 3, 692 P.2d 1288, 1289

---

[2]Given this conclusion, we do not address Avila-Granados' other assignments of error involving prosecutorial misconduct.

 

(1985) (concluding that the cumulative effect of multiple errors that undermined appellant's defense denied him a fair trial where the issue of guilt was close). Accordingly, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Susan Johnson, District Judge
       Leventhal & Associates
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk